NOT DESIGNATED FOR PUBLICATION

No.111,901

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAYMUNDO OSORIO,
*Appellant.*


MEMORANDUM OPINION


Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed September 18, 2015. Affirmed.


*Carol Longenecker Schmidt,* of Kansas Appellate Defender Office, for appellant.


*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hilher Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.


*Per Curiam*:  Raymundo Osorio contends that the district court abused its discretion by imposing a one-year jail sentence for his DUI, the maximum sentence authorized by statute. Finding no abuse of discretion, we affirm.


In May of 2013, Osorio was stopped by police after he entered a sobriety check lane. Osorio admitted to police that he had consumed seven beers, and his blood-alcohol level was found to be .123. The State charged Osorio with driving under the influence of

1

alcohol, driving with a suspended license, and unlawfully failing to obey a traffic control device.

In July of 2013, Osorio entered into a plea agreement in which Osorio would plead no contest to driving under the influence of alcohol, and the State would dismiss the other charges and recommend a 150-day sentence and the minimum fine. Osorio's sentence could be served in jail or under house arrest and would run concurrently with the sentence in another case. The district court accepted Osorio's no contest plea and granted the State's motion to dismiss the remaining charges but postponed sentencing.

In October of 2013, Osorio was scheduled to be sentenced in that case as well as in another case but Osorio did not appear. The district court denied counsel's requested continuance, ordered forfeiture of Osorio's bond, and issued two separate bench warrants.

In January of 2014, after Osorio had been found and re-arrested, the district court held another sentencing hearing. But instead of sentencing Osorio to the 150-day sentence the State recommended, the district court sentenced him to one year in jail. The district court also imposed the maximum fine of $2,500, but ordered Osorio to complete community service in lieu of paying all but $250 of the fine.

Osorio now argues that the district court abused its discretion by imposing a 1-year jail sentence the maximum sentence authorized by statute.

A felony DUI conviction is a nongrid offense and is not included in the Kansas Sentencing Guidelines Act (KSGA). See *State v. Chambers*, No. 90,659, 2004 WL 1542497, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 278 Kan. 848 (2004). As a result the standard of review for pre-KSGA sentences applies. *Chambers*, 2004 WL 1542497, at *1. Under that standard, we review only for an abuse of discretion:

2

"A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive. [Citation omitted.] When a reviewing court determines that no reasonable person would agree with the trial court's decision, then an abuse of discretion will be found. [Citation omitted.]" *State v. McCloud,* 257 Kan. 1, 9, 891 P.2d 324, *cert. denied* 516 U.S. 837 (1995).

Osorio had four DUIs in 12 months. A fourth or subsequent DUI conviction is a nonperson felony. K.S.A. 2012 Supp. 8-1567(b)(1)(E). The sentence shall not be less than 90 days and no more than 1 year, plus a $2,500 fine. K.S.A. 2012 Supp. 8-1567(b)(1)(E).

Osorio argues that the district court abused its discretion by imposing the maximum sentence because he took responsibility by accepting a plea agreement, the State agreed with trial counsel's recommendation of a 150-day jail sentence, and a shorter jail sentence would more effectively further the sentencing goals of promoting rehabilitation and preventing recidivism.

But, as the State points out, a sentencing court is not bound by the terms of a plea agreement. *State v. Boley*, 279 Kan. 989, 993, 113 P.3d 248 (2005). And a district court does not abuse its discretion by imposing a harsher sentence, even though the defendant took responsibility by pleading guilty. See *State v. Mosher*, 299 Kan. 1, 2-4, 319 P.3d 1253 (2014). Finally, Osorio does not cite any Kansas case finding a district court to have abused its discretion because of any effect a longer sentence may have on the goals of promoting rehabilitation and preventing recidivism.

Having considered Osorio's arguments, we find a reasonable person would have imposed the same sentence based on the facts of the case, all of which the district court noted when it imposed the 1-year sentence. First, Osorio had 11 prior convictions and his criminal history score was a level C. Osorio also had four DUIs in 12 months and was on

3

felony probation when the last two occurred. Osorio failed to report for his Level Service Inventory Revised interview, which delayed sentencing. Finally, Osorio failed to appear at the first sentencing hearing and was missing until he was arrested again. Therefore, the district court did not abuse its discretion.

Affirmed.