NOT DESIGNATED FOR PUBLICATION

No. 113,030

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAROD SEARS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed November 6, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and SCHROEDER, JJ.


*Per Curiam*:  Jarod G. Sears appeals the district court's denial of his motion for a sentence modification at his probation revocation hearing. We granted Sears' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State filed a response and does not contest summary disposition of the issue raised by Sears.

In 12CR2903, Sears pled guilty to four counts of vehicular burglary, each a severity level 9 nonperson felony, and one count of misdemeanor theft. On May 1, 2013, the district court sentenced Sears to a term of imprisonment for the felony convictions and a consecutive sentence of 12 months in the county jail for the misdemeanor theft. The

1

district court initially placed Sears on probation with community corrections for 24 months. Sears did not timely appeal his sentence.

Sears later stipulated to violating the conditions of his probation. At a hearing on November 12, 2014, Sears argued that he no longer wished to continue probation and would serve the underlying sentence, but he requested that the district court modify the county jail portion of his sentence to a concurrent term. The district court denied the request. Sears timely appealed from that ruling.

On appeal, Sears argues that the district court abused its discretion by denying his motion for sentence modification. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Upon revocation of probation, the district court has the ability to impose the original sentence or any lesser sentence. See K.S.A. 2014 Supp. 22-3716(b). Thus, the district court had discretion to grant Sears' request to modify the county jail portion of his sentence to a concurrent term. But Sears offers no reason why the district court abused its discretion in denying the request. The district court's decision to deny Sears' motion for a sentence modification was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Mosher*, 299 Kan. at 3. Thus, Sears has failed to meet his burden of establishing that the district court abused its discretion in denying the request for a sentence modification.

Affirmed.