NOT DESIGNATED FOR PUBLICATION

No. 113,560

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RHONDA MARIE LUKKEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; GLENN R. BRAUN, judge. Opinion filed November 20, 2015. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*:  Rhonda Marie Lukken appeals her sentence following her conviction of multiple drug crimes. We granted Lukken's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed no response.

On September 4, 2014, Lukken pled no contest to one count of possession of marijuana with intent to distribute, a severity level 4 drug felony, and one count of possession of marijuana, a class A misdemeanor. On November 10, 2014, the district court imposed a presumptive sentence of 30 months' imprisonment for the felony conviction and 12 months in the county jail for the misdemeanor conviction, with the

1

sentences to run consecutively. The district court placed Lukken on probation with community corrections for 18 months. She timely appealed her sentence.

On appeal, Lukken argues that the district court "erred in sentencing her." Lukken acknowledges that under K.S.A. 2014 Supp. 21-6820(c)(1), an appellate court shall not review a felony sentence that is within the presumptive sentence for the crime. Thus, we agree with Lukken that this court is without jurisdiction to review her presumptive felony sentence. However, the prohibition against an appellate court reviewing a presumptive sentence applies only to convictions under the Revised Kansas Sentencing Guidelines Act. See K.S.A. 2014 Supp. 21-6801 *et seq*. Lukken also received a sentence of 12 months in the county jail for her misdemeanor conviction of possession of marijuana.

The maximum sentence for a conviction of a class A misdemeanor is 1 year in jail. See K.S.A. 2014 Supp. 21-6602(a)(1). A sentence for a misdemeanor conviction that conforms with the statutory maximum is within the district court's sound discretion. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Lukken makes no claim that her 12-month sentence for possession of marijuana was an abuse of discretion. We conclude the district court did not abuse its discretion by sentencing Lukken to 12 months in the county jail for her class A misdemeanor conviction and by ordering the sentence to run consecutive to the sentence for the felony conviction.

Affirmed in part and dismissed in part.