NOT DESIGNATED FOR PUBLICATION

No. 113,298

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICOLE MARIE LANGDON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed November 20, 2015. Affirmed.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant district attorney, *Kyle Edelman*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS, J., and ROBERT W. FAIRCHILD, District Judge, assigned.

*Per Curiam*: Nicole Marie Langdon pleaded no contest to one count of attempted aggravated burglary and two counts of forgery pursuant to a plea agreement. The district court sentenced Langdon to 24 months of intensive supervised probation, with an underlying sentence of 35 months imprisonment and 12 months postrelease supervision. Shortly thereafter, Langdon violated the terms of her probation when she committed another forgery. The district court revoked her probation and imposed a reduced prison sentence of 24 months with 12 months postrelease supervision. Finding no abuse of discretion by the district court, we affirm.

1

FACTS

On August 6, 2013, Langdon was charged with one count of aggravated burglary, two counts of forgery, one count of identity theft, and one count of theft of less than $1,000. Langdon pleaded no contest to one count of attempted aggravated burglary, and two counts of forgery pursuant to a plea agreement on May 21, 2014. As part of the agreement, the State dismissed the identity theft and theft charges.

The district court held a sentencing hearing on August 1, 2014. Before sentencing Langdon, the district court advised Langdon—who had struggled to uphold the terms of her bond both before and after she had entered her plea—that if she did as poorly on probation, she would end up in prison. The district court then placed Langdon on 24 months of intensive supervised probation, with an underlying prison sentence of 35 months and 12 months' postrelease supervision.

On September 10, 2014, the State moved for an order to show cause why Langdon's probation should not be revoked. The State alleged that Langdon had committed another forgery. At the revocation hearing, Langdon stipulated to the probation violation. In revoking Langdon's probation, the district court noted, "I think the only time Ms. Langdon shows any stability is when she's . . . in custody and asking for a break." The district court, however, modified Langdon's sentence to 24 months' imprisonment and 12 months' postrelease supervision.

The district court explained:

> "The history that I've seen is I don't think putting you back on probation's going to help you. I certainly don't think it's going to help the community. I think it's just going to give you another opportunity to do what you want to do when you want to do it."

Thereafter, Langdon timely filed this appeal.

ANALYSIS

A district court's decision to revoke probation involves two components. The district court must first determine whether the probationer has violated a condition of probation, and if a probation violation occurred, the district court must determine whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A district court's decision to revoke probation will not be overturned absent an abuse of discretion. See *Skolaut*, 286 Kan. at 227-28. A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Langdon's only argument on appeal is that the district court abused its discretion when it revoked her probation because she had stable housing, had a job, had begun taking medicine for bipolar disorder, and was attending Narcotics Anonymous. Although this may be true, the record reflects that Langdon violated the conditions of her bond on multiple occasions between December 9, 2013, and her sentencing on August 1, 2014. Furthermore, the district court warned Langdon at sentencing:  "[I]f I see you on a probation violation, you're looking probably at a good, lengthy sanction, if not doing time in prison." Despite this warning, Langdon committed another forgery less than 2 weeks after being placed on probation.

The district court ultimately found Langdon was only stable while in custody and asking for a break. Based on a review of the record, we find that a reasonable person could reach the same conclusion as the district court. We, therefore, conclude that the district court did not abuse its discretion when it revoked Langdon's probation.

Affirmed.