No. 107,961

STATE OF KANSAS, *Appellee*, v. SCOTT MICHAEL MOSHER, *Appellant*.

(319 P.3d 1253)

Opinion filed March 14, 2014.

*Shawn E. Minihan*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Scott Michael Mosher appeals his sentences, arguing the sentencing judge abused his discretion by not following the parties' recommendation that his sentences for felony murder and conspiracy to commit first-degree murder be served concurrently. We reject his argument. It has long been understood that a sentencing judge is not bound by the parties' sentencing recommendations and has discretion to order sentences to be served consecutively. On appeal, this exercise of discretion will not be overturned if reasonable people could agree with the sentencing judge's decision. Under this standard and the facts of this case, Mosher's appeal is without merit, and we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Mosher's sentences were imposed after he accepted a plea agreement offered by the State. In the plea agreement, the State agreed to dismiss an unrelated case, to dismiss some counts in a second unrelated case, and to recommend the court impose concurrent sentences for the two convictions in this case.

At the plea hearing, the State offered a factual basis for the plea, indicating Mosher discussed with his mother and two other individuals a plan to murder his mother's husband, Jerry Eberhardt.

Mosher obtained a gun and, on the evening of the murder, rode over to the Eberhardt home with two of his conspirators. He met his mother in the garage where he confirmed she wanted to proceed with the plan. Mosher and another man entered the home, while the other conspirator remained in the car. In an apparent effort to cover the noise of people moving around in the house, Mosher's mother turned the water on in a bathroom near the bedroom in which Eberhardt was located. Mosher and the other man then walked down a hallway, entered the bedroom, and Mosher shot Eberhardt in the head.

Mosher did not challenge the State's factual statement and entered a guilty plea. The court accepted the State's proffered facts as the basis for accepting Mosher's plea.

Mosher was sentenced at a separate hearing. Consistent with the plea agreement, both defense counsel and the State requested concurrent sentences. The judge decided not to follow the plea agreement and ordered the sentences to be consecutively served, imposing life imprisonment without the possibility of parole for 20 years for the felony-murder conviction and 117 months' imprisonment for the conspiracy conviction.

Mosher timely appeals his sentences. This court's jurisdiction is under K.S.A. 22-3601(b)(1) (maximum sentence of life imprisonment imposed).

## ANALYSIS

"[I]n Kansas both parties to a plea agreement assume the risk the sentencing court will impose a sentence different than the sentence recommended as part of the plea agreement because sentence recommendations made pursuant to a plea bargain are not binding on the trial court. [Citation omitted.]" *State v. Boley*, 279 Kan. 989, 996, 113 P.3d 248 (2005). Further, as Mosher recognizes, " '[g]enerally, it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence.' " *State v. Ross*, 295 Kan. 1126, 1138, 289 P.3d 76 (2012) (quoting *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 [2000]). In fact, this principle of a judge's discretion is so entrenched that the legislature determined a defendant can-

not raise the issue of whether imposing consecutive sentences is an abuse of discretion if the sentence is imposed under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* See K.S.A. 21-4721(c)(1). Mosher's convictions, however, do not fall under the KSGA because this is a multiconviction case in which one is an off-grid felony. See *Ross*, 295 Kan. at 1137-38. Thus, he can appeal the consecutive nature of his sentences. But to prevail he must establish that the sentencing judge abused his discretion.

Judicial discretion can be abused in three ways: (1) if no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Mosher does not claim the sentencing judge's decision was based on an error of law or fact; rather, he challenges whether the action was so unreasonable no other person would have taken the judge's approach. In doing so, Mosher argues the judge's decision to order consecutive sentences was arbitrary, fanciful, or unreasonable because (1) Mosher took responsibility for his actions and entered guilty pleas, (2) he "spared everyone the pain and expense of going through a jury trial," and (3) he must complete rehabilitation requirements before becoming eligible for parole. At the sentencing hearing, defense counsel advanced these same arguments to support Mosher's request for concurrent sentences.

The sentencing judge weighed the arguments that were presented to him and noted he had presided over the preliminary hearing and various motions. He stated:

"I've heard a variety of things of what went on with Mr. Mosher's life, what went wrong, with what may have gone right with it, what the family relationships were, may have been, the debate that centered around that.

"This particular case could have been stopped at oh, so many stages. I remember hearing testimony at different times, as well as factual basis presented about a first attempt to get a gun and how somebody reneged on that deal, and [Mosher] had to go out and get his own gun. This event could have stopped. This event could have stopped at whatever meeting and discussions he had with his mother the day of the offense. Later, on the night of the offense and the planning and how to get this done, this could have stopped in the hallway outside the door of the bedroom. This could have stopped oh, so many times, and not only is the

conspiracy in itself an offense, but the way in which Mr. Eberhardt was killed, senseless, needless, with all the volatility that may have been going on in that family relationship, some of which I know, some of which I don't know, all [Mosher] had to do was stay away. There were lots of resources . . . , none of which was taken advantage of."

These comments reflect that the sentencing judge took into consideration the amount of planning and effort that went into this violent murder and how it could have been prevented. Neither Mosher's acceptance of responsibility, the nature of rehabilitation programs that would be completed before Mosher could be paroled, the savings that would result from Mosher's decision to plead rather than exercise his right to a jury trial, nor any combination of these considerations offset the compelling reasons stated by the judge for imposing consecutive sentences. See *State v. Baker*, 297 Kan. 482, 484-85, 301 P.3d 706 (2013) (following *Ross*, 295 Kan. 1126, and finding district court did not abuse its discretion by imposing consecutive sentences).

Based on the facts of this case, a reasonable person could agree with the sentencing judge's conclusion that consecutive sentences were appropriate.

Affirmed.

BEIER, J., not participating.