NOT DESIGNATED FOR PUBLICATION

No. 112,420

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE CORONA-MARTINEZ, aka JOSE CORONA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed October 23, 2015. Affirmed.

*Samuel Schrirer*, of Kansas Appellate Defender Office, for appellant.

*Nicholas C. Vrana*, assistant county attorney, *Susan H. Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.


*Per Curiam*:  Sentencing courts are not bound by sentencing recommendations contained in a plea agreement. *State v. Mosher*, 299 Kan. 1, 2, 319 P.3d 1253 (2014). In this case the district court judge imposed a sentence that was more severe than the one the parties agreed to, although still well within the statutory sentencing range. Jose Corona-Martinez appeals his sentence, contending that the sentencing judge abused his discretion by deviating from the plea agreement. Because we are unable to find that no reasonable person would take the view adopted by the trial court, we affirm Corona-Martinez' sentence.

1

Corona-Martinez was stopped by a police officer for a headlight violation. When the officer approached the vehicle he noticed a strong smell of alcohol and saw that Corona-Martinez' eyes were bloodshot and watery. The officer administered several field sobriety tests that Corona-Martinez was unable to successfully complete. Corona-Martinez was arrested and taken to jail, where he refused a breath test.

Corona-Martinez was charged with one count of driving under the influence—or, in the alternative, breath test refusal—driving while declared a habitual violator, no proof of insurance, and refusal of a preliminary breath test. Corona-Martinez pled no contest to the alternative Count I: breath test refusal. In exchange for this plea the State dismissed all other charges.

Per the terms of the plea agreement, at sentencing the State requested Corona-Martinez receive a 90-day jail term to be served under house arrest. The sentencing court imposed 180 days of jail time to be served as 90 days' house arrest followed by a 1-year probation term on the balance of the sentence. Corona-Martinez appeals this sentence.

## ANALYSIS

Corona-Martinez argues that the district court abused its discretion when it sentenced him to 180 days in jail. A judicial action constitutes an abuse of discretion if (1) no reasonable person would have taken the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Mosher*, 299 Kan. at 3. On appeal, the party claiming error bears the burden of proving that the trial court abused its discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

It is well established that sentencing courts are not bound by sentencing recommendations contained in plea agreements. *Mosher*, 299 Kan. at 2. A judge does not abuse his or her discretion by deviating from a recommended sentence. It is only when no reasonable person would have imposed the sentence handed down by the court, the sentence is more severe than the law allows, or the sentence is based on a factual error that a judge abuses his or her discretion by deviating from a recommendation. 299 Kan. at 3.

Here, Corona-Martinez recognizes that the sentence he received from the district court fell within K.S.A. 2014 Supp. 8-1025(b)(1)(C)'s sentencing range. Based upon Corona-Martinez' prior convictions, the statute provides a minimum 90-day imprisonment and a maximum of 1 year. Nevertheless, he argues that his 180-day sentence was unreasonable and therefore constituted an abuse of discretion. Corona-Martinez provides no rationale for this argument. He does not discuss any mitigating factors that should have been but were not considered in his case, he does not cite any caselaw in which other courts have found similar sentences were an abuse of discretion; in short, Corona-Martinez presents no evidence that the trial court abused its discretion.

Looking beyond Corona-Martinez' brief to the record, there is no evidence that the district court acted improperly. At the plea hearing, the district court warned Corona-Martinez that it would not be bound by the sentencing recommendation contained in the plea agreement. The court also informed Corona-Martinez of the potential sentences he faced related to each charge and made certain he understood his legal rights and how they would be impacted by pleading no contest. At the sentencing hearing, the district court examined Corona-Martinez' criminal history score and made note that this was his third alcohol-related offense in 5 years. Corona-Martinez neither presented evidence nor made any argument that there were mitigating factors the court should consider when imposing a sentence beyond the fact that he was currently employed and had a family to support.

3

Based on the record before this court, it is impossible to say that no reasonable person would have imposed the mid-range sentence handed down here.

Because Corona-Martinez has failed to meet his burden of proof that the district court abused its discretion, and because review of the record provides no evidence of abuse, Corona-Martinez' sentence is affirmed.

Affirmed.