NOT DESIGNATED FOR PUBLICATION

No. 113,064

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZUBIN DARIUS CONTRACTOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed January 29, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and POWELL, JJ.

*Per Curiam:*  Zubin Contractor, convicted of making a criminal threat against Elizabeth Weaver, appeals the district court's denial of his motion for a continuance to investigate claims in his second motion for a new trial and the subsequent denial of that motion for a new trial. Finding no error, we affirm.

In 2007, a jury found Contractor guilty of making a criminal threat, a felony. The court sentenced Contractor to 30 days in jail, and placed him on probation for 12 months

1

with an underlying 12-month prison sentence. Contractor's probation terminated in March 2009.

In August 2010, this court affirmed Contractor's conviction in *State v. Contractor*, No. 101,594, 2010 WL 3488668 (Kan. App. 2010) (unpublished opinion). The facts of this case were set forth in the direct appeal:

"In the evening of June 2, 2007, the victim, Elizabeth Weaver, was at Scott Meyers' house. At about 8 p.m. the defendant called Meyers' telephone. The caller ID showed the defendant's name. Both the victim and Meyers were previously acquainted with the defendant. Meyers asked the victim to answer the telephone and tell the defendant not to call again. The victim did so and then hung up immediately.

"The defendant called back and Meyers again asked the victim to answer the telephone. This time, the defendant told the victim, 'Fucking bitch, I['m] going to kill you, and I['m] going to kill you with my gun.' Later that evening the defendant called and spoke with the victim three or four times. In one of these later calls, defendant told the victim, '[B]itch, I am going to beat you up, and I am going to kill you.' When Meyers took the telephone, the defendant told Meyers to not let the victim leave Meyers' house. The defendant told Meyers 'the children should leave the place and go and have ice cream because things were going to get pretty bad.' The last time the defendant spoke with the victim, the defendant told her to wait there and he was going to come and kill her.

"The victim called the police after her last conversation with the defendant. After the police arrived, the defendant arrived at Meyers' house. After questioning defendant about the reported events, the police arrested the defendant." 2010 WL 3488668, at *1.

One year after his direct appeal was affirmed, Contractor filed a motion for a new trial alleging that he was entitled to a new trial based on newly discovered evidence. Contractor alleged that witnesses had come forward with new evidence that the witnesses at his trial had conspired to fabricate their testimony against him. The district court, after dismissing several allegations in Contractor's motion as untimely, appointed counsel and

ordered an evidentiary hearing on the portion of the motion for a new trial alleging newly discovered evidence. After hearing the evidence, the district court denied Contractor's motion for a new trial, finding that the evidence did not rise to the level required to grant Contractor a new trial.

In August 2013, this court affirmed the denial of Contractor's motion for a new trial in *State v. Contractor*, No. 101,594, 2013 WL 4404192 (Kan. App. 2013) (unpublished opinion), *rev. denied* 299 Kan. 1271 (2014).

On January 8, 2014, and May 5, 2014, Contractor filed two pro se motions for a new trial. Contractor alleged that because Edward Snowden had revealed that the government had been listening to all phone calls in the United States since 2004 and the National Security Agency had collected the daily phone records of Verizon customers, the government's recorded phone calls would prove the witnesses at his trial lied. The State filed a response, arguing that there was no basis for Contractor's motion as he failed to "produce anything other than speculation and reports by the media."  The district court appointed counsel and set the matter for hearing.

At the May 30, 2014, hearing, counsel for Contractor requested a continuance to subpoena the alleged new evidence from the federal government. The district court found that Contractor's motion for a new trial was unfounded and denied the motion on its face.

Contractor raises two issues on appeal. First, he challenges the denial of his motion for a continuance. Second, he argues the district court erred in denying his second motion for a new trial based on newly discovered evidence. We need not reach the first issue, as the second issue is dispositive.

*The district court did not err in denying Contractor's motion for a new trial.*

Appellate courts review a district court's decision on a motion for a new trial for an abuse of discretion. *State v. Laurel*, 299 Kan. 668, 676, 325 P.3d 1154 (2014). Judicial discretion is abused only if no reasonable person would have taken the view of the district court. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting an abuse of discretion bears the burden of showing such abuse. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

To establish the right to a new trial based upon newly discovered evidence, a criminal defendant must establish: (1) the newly proffered evidence could not have been produced at trial with reasonable diligence; and (2) the newly proffered evidence is of such materiality that it would be likely to produce a different result upon retrial. *Laurel*, 299 Kan. at 676.

Here, the district court denied the motion for a new trial, concluding that this motion "is an otherwise unfounded claim, other than the broad brush of stating there are recordings, apparently, of many persons' telephone phone calls in the United States." The district judge stated:

> "There is no reference, there is no connection, no scintilla of evidence that I can see from this that Mr. Contractor has any information that telephone calls by witnesses in this case may be contained in those recordings that were part of the NSA program, for lack of a better term, or were disclosed as part of the various releases by Edward Snowden to the guardian and disclosed on-line, which has caused many related events with regard to recording of phone calls and other data being retained or obtained by the National Security Agency here in America."

For the sake of brevity, we determine that the alleged newly proffered evidence was not sufficiently material to find a reasonable probability that the jury would have

4

reached a different result upon retrial. See *Laurel*, 299 Kan. at 676. In determining whether new evidence is material, the district court must assess the credibility of the newly proffered evidence. 299 Kan. at 676-77. At the motion for a new trial hearing, the district court clearly found that Contractor's broad unfounded allegation of newly discovered evidence of government recorded telephone calls of witnesses in his case was not credible. This court will not reassess the district court's determination of credibility from such a hearing. See 299 Kan. at 676-77. Accordingly, Contractor's argument fails.

Affirmed.