NOT DESIGNATED FOR PUBLICATION

No. 113,201

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW M. RIVERA,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed February 19, 2016. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ARNOLD-BURGER, JJ.

*Per Curiam*:  After Andrew Rivera stipulated to four probation violations, the district court revoked his probation. The court found that Rivera's welfare would not be served by the imposition of an intermediate sanction and ordered him to serve his prison sentence. Rivera now claims that the district court abused its discretion when it revoked his probation and refused to impose an intermediate sanction under K.S.A. 2013 Supp. 22-3716(c). Because the district court was well within its discretion to revoke Rivera's probation and Rivera admitted to violating his probation conditions repeatedly after many opportunities at treatment programs, all unsuccessful, we affirm.

1

Rivera pled no contest to an offender registration violation, a severity level 5 person felony. Rivera faced presumptive prison for this crime. On May 11, 2012, the district court granted a downward dispositional departure and sentenced Rivera to 36 months' probation with an underlying term of 57 months' imprisonment. After agreeing to the dispositional departure, the district court advised him to seize this opportunity:

> "But it's only going to be one opportunity. It will be a zero tolerance probation. If he fails to report then, as he's going to be directed to report. And I don't mean just reporting for registration purposes, but also to Community Corrections, their Field Services office. If he uses drugs, if he gets arrested for something, you know, anything significant that is a violation of his probation, he'll be expected to serve his sentence."

The district court ordered Rivera to comply with numerous conditions of probation, including a prohibition on the possession or consumption of alcohol or drugs without a legal prescription from a physician.

Twelve days later, on May 23, 2012, the court issued a warrant for Rivera's arrest after it was alleged he had violated the conditions of his probation by testing positive for alcohol. The district court revoked and reinstated Rivera's probation with the new conditions that he successfully complete the Residential Community Corrections Program and then reside at Oxford House for 120 days.

In October 2013, another warrant was issued for Rivera's arrest based on allegations that he failed to report to his ISO as directed; all attempts to locate him were unsuccessful; and, his whereabouts were unknown. In November 2013, another warrant was issued because Rivera had admitted to consuming methamphetamine for 18 days. Rivera admitted to the probation violations. The district court revoked and reinstated Rivera's probation and had him serve a 60-day jail term as a sanction.

In February 2014, another warrant was issued for Rivera this time because he had admitted to consuming alcohol and marijuana and he had left the probation office against staff directives. In March 2014, another warrant was issued for Rivera alleging that he submitted a urinalysis that tested positive for amphetamines and methamphetamine. Rivera admitted to the probation violations and waived an evidentiary hearing. He requested a 120-day sanction and treatment instead of serving his prison sentence. The district court found that given Rivera's repeated probation violations after opportunities to complete treatment programs at Residential, Oxford House, and Fresh Start, he had demonstrated he was not amenable to probation and his welfare would not be served by the imposition of another intermediate sanction. The district court revoked Rivera's probation and ordered him to serve his prison sentence.

On appeal, Rivera contends that the district court abused its discretion by revoking his probation.

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Rivera bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Rivera stipulated to four probation violations. He does not point to any errors of fact or law in the district court's decision to revoke his probation, nor do we find any. The decision was not arbitrary, fanciful, or unreasonable. Rather, the district court noted that Rivera had been given many opportunities at probation and had failed to comply with its terms. Therefore, the district court was well within its discretion to revoke Rivera's probation and we affirm the probation revocation.

Rivera further contends that the district court abused its discretion by refusing to impose an intermediate sanction and ordering him to serve his underlying sentence.

K.S.A. 2013 Supp. 22-3716(c) provides that a sentencing court should generally impose an intermediate sanction before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor or absconds from supervision while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2013 Supp. 22-3716(c)(8), (c)(9).

Here, the district court found the "welfare of the defendant would not otherwise be served by [an] intermediate sanction." This is an exception to the intermediate sanction requirement. Rivera contends that no reasonable person could conclude that his welfare would not be served by continued probation because he had successfully completed 15 months of probation while at Oxford House, and he only accepted drugs after he became homeless and experienced hip pain, for which he had no medication. Thus, Rivera contends that the district court should have imposed another round of inpatient treatment instead of prison.

The district court found that Rivera was not amenable to probation and that his welfare would not be served by another intermediate sanction because he repeatedly violated his probation conditions by using drugs and alcohol after all of the resources that had been devoted to his treatment. The district court's order for Rivera to serve his underlying sentence was not arbitrary, fanciful, or unreasonable, or based on an error of fact or law. Rivera had been granted probation on a presumptive prison crime. The sentencing judge warned him that he would have to serve his underlying sentence if he used drugs or committed any other significant violation of his probation. Less than 2

4

weeks later, Rivera tested positive for alcohol in violation of his probation conditions. Rather than impose his underlying sentence, the district court gave Rivera the opportunity to complete the Residential program and reside at Oxford House for 120 days. Thereafter, he failed to report to his ISO and consumed methamphetamine. Again, the district court declined to impose his underlying sentence and granted him continued probation with a 60-day jail sanction and a "quick dip." But Rivera's drug use continued. Within 2 months, he admitted to using alcohol and marijuana, and tested positive for amphetamines and methamphetamine.

Any pain Rivera may have been experiencing is not an excuse for illegal drug use and does not persuade us that his drug use will cease if probation were reinstated. A reasonable person could conclude that Rivera's welfare would not be served by another intermediate sanction because of his rapid resort to drug use after previous sanctions. Therefore, we find that the district court did not abuse its discretion in revoking Rivera's probation and imposing his underlying sentence.

Affirmed.