NOT DESIGNATED FOR PUBLICATION

Nos. 114,648
114,649

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARVIN CARL HALL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL RIOS, judge. Opinion filed July 29, 2016.
Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Elizabeth A. Billinger*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER and STANDRIDGE, JJ.

*Per Curiam*:  Marvin Carl Hall appeals the district court's denial of his post-sentencing motion to withdraw pleas in two consolidated criminal cases. The district court held an evidentiary hearing on Hall's motion and later filed a very thorough and detailed memorandum decision and order denying the motion. Hall appeals. We affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

Hall was initially charged with aggravated burglary and aggravated robbery. While on bond awaiting trial on those charges, he was arrested in a separate incident and charged in a separate case with aggravated kidnapping and aggravated battery. Later, the State amended that complaint to include 13 counts of felony and misdemeanor crimes.

As part of a global plea agreement, Hall agreed to plead guilty to one count of aggravated burglary in the first case and one count of aggravated battery in the second case. The State agreed to dismiss the rest of the charges. Both charges carried presumptive prison sentences, and the parties agreed to recommend that the aggravated grid sentence be imposed by the district court in the second case. The parties also agreed to consolidate the cases for sentencing which would result in Hall receiving a lower criminal history score.

At the plea hearing, the district court heard the factual basis for the charges and the State's recital of the plea agreement. The district court engaged in an extensive colloquy with Hall and, before entering his pleas, the defendant said he understood the terms of the plea agreement. Hall pled no contest to aggravated burglary in the first case and aggravated battery in the second case. He was found guilty upon his pleas.

Prior to sentencing, Hall filed a motion for a downward dispositional departure from presumptive prison to probation. In response, the State filed a brief in opposition. At sentencing, both parties presented witnesses in support of their respective positions. At sentencing, Hall stated he believed that under the plea agreement the State would not oppose probation. As a result, an extended colloquy occurred with the district court, Jonathan Phelps (Hall's attorney), and Hall regarding the plea agreement terms and Hall's understanding of it. During this colloquy it was established that the State did *not* agree to probation for Hall, that Phelps did not want to continue with sentencing if Hall was

2

misled or misunderstood this aspect of the plea agreement, and that the court wanted to insure that Hall understood the exact terms of the plea agreement prior to any sentencing. After the discussion, Hall informed the district court, "I understand it fully now, yes. And I still want to proceed, no contest." Based on his client's statements, Phelps indicated, "I would withdraw any concerns I have about [any misunderstanding] based upon his statements."

The following colloquy then took place between the district court and Hall:

"THE COURT:  . . . . And what you are saying now is that you are not objecting to any of those terms that are in the plea agreement, and you are ready to proceed to sentencing at this time, is that correct?"

"MR. HALL:  Yes, it is, ma'am.

"THE COURT:  And so any concerns that you had regarding potential misunderstandings you would waive that at this time and proceed to complete the sentencing hearing, is that correct?

"MR. HALL:  Yes, I will, Miss Kingfisher.

"THE COURT:  Okay, and are you doing this freely and voluntarily?

"MR. HALL:  Yes, I am.

"THE COURT:  Okay. And you haven't been coerced or threatened or anything to make this decision?  You are proceeding on your own free will?

"MR. HILL: Yes, I am."

The district court denied the departure motion and sentenced Hall to the aggravated grid box sentences of 34 months' prison in the first case and 59 months' prison in the second case, to run consecutively.

A few weeks later, Hall filed a motion to withdraw his pleas. Hall claimed that he had been misled because he had understood he would be granted probation as part of the plea agreement. The district court appointed new counsel for Hall. At the hearing on the motion, Hall testified about his understandings and intentions. The State called Phelps as

3

a witness, who testified that he never told Hall that the State had agreed to recommend probation.

The district court denied Hall's motion, finding that he failed to carry his burden to establish manifest injustice to withdraw his pleas. In particular, the district judge found:

"When his claims are viewed in the totality of the circumstances, [Hall] has plainly failed to demonstrate manifest injustice. The evidence presented demonstrates that all parties involved made [Hall] aware of the possible range of sentences he could receive in this case. The evidence does *not* support a finding that anyone at all suggested to [Hall] that he would receive probation as a consequence of entering his no contest plea. The written 'Application to Modify Plea to No Contest and Advice of Rights in Regards Thereto,' [Hall]'s statements at the plea hearing itself, and the signed email presented before this Court at the hearing on the present Motion to Withdraw Plea all contradict [Hall]'s subsequent assertions as to his expectations of probation. Moreover, Mr. Phelps has testified that, at all times, he communicated the State's position—which was staunchly against probation—and never told [Hall] that the State would not oppose the Motion for Dispositional Departure. Additionally, Mr. Phelps has testified that at no point did Judge Anderson, as mediator, tell [Hall] that this Court would grant such a departure. Nor did Mr. Phelps ever state that [Hall] would receive probation in this matter."

The district court found the weight of the evidence necessitated its conclusion that Hall "was not lied to, coerced or misled and that he made the plea[s] fairly and understandingly."

## DISCUSSION

We review the denial of a motion to withdraw a plea after sentencing under an abuse of discretion standard. *State v. Bricker*, 292 Kan. 239, 244, 252 P.3d 118 (2011). A judicial action constitutes an abuse of discretion if it is based on an error in fact or in law or is arbitrary, fanciful, or unreasonable. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253

4

(2014). The defendant bears the burden of showing an abuse of discretion. *Bricker*, 292 Kan. at 244.

A district court may grant a defendant's postsentencing motion to withdraw a plea only to correct manifest injustice. K.S.A. 2015 Supp. 22-3210(d)(2). To establish manifest injustice, a defendant must produce facts showing that it would be "obviously unfair or shocking to the conscience" to not permit the defendant to withdraw his plea. *State v. Oliver*, 39 Kan. App. 2d 1045, 1048, 186 P.3d 1220 (2008), *rev. denied* 287 Kan. 768 (2009).

In determining whether a defendant has demonstrated manifest injustice, Kansas courts consider at least three factors, known as the *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). These factors are not exclusive, however, and the court should consider the totality of the circumstances surrounding the plea. *Bricker*, 292 Kan. at 244-45.

As to the first *Edgar* factor, Hall did not challenge the competency of his plea counsel. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013). Moreover, our review of the proceedings persuades us that plea counsel was competent and provided Hall with appropriate and helpful legal representation.

As to the second and third *Edgar* factors, Hall argues that his pleas were not knowingly or voluntarily made because he had an incorrect understanding of the consequences. He contends that he believed the State would not argue against a downward dispositional departure and that he would be granted probation.

5

As detailed by the district court in its memorandum decision and order, Hall's arguments are contradicted by the record at each stage of the proceedings. At the plea hearing, the State reported that the parties had agreed to recommend the aggravated grid sentence in the second case, no other sentencing agreements had been made, and all other sentencing issues remained open for argument to the court. Hall and his counsel acknowledged that this was the extent of their plea agreement. Upon signing the written plea agreement, Hall acknowledged that the court could reject any sentencing recommendations of the parties and that no one had made any promises of leniency beyond the terms recited in the agreement. Hall also stated that he had read and signed the plea agreement, that he had no questions about it, and he was entering his no contest pleas freely and voluntarily. In summary, there is nothing in the plea agreement or the plea hearing testimony to support Hall's claimed expectation of probation.

Hall argues that he was surprised to find out at the sentencing hearing that the State was opposing his motion for a downward dispositional departure. At the sentencing hearing, Hall told his counsel he thought the State wasn't going to oppose probation. Defense counsel clarified the misunderstanding and advised him that if he wished to withdraw his plea, he should do so before sentencing. In fact, defense counsel alerted the district court to Hall's concern, stating that if Hall "is claiming that he had a misunderstanding of the plea agreement," he would need to acknowledge it then. Hall replied, "I'm acknowledging now I understand it fully now, yes. And I still want to proceed, no contest." The district court asked if Hall wished to waive "any concerns that you had regarding potential misunderstanding . . . and proceed to complete the sentencing hearing." Hall responded, "Yes, I will, [Judge]." Hall's claim on appeal that he misunderstood the terms of the plea agreement or consequences of his pleas is controverted by the record evidence.

Applying the *Edgar* factors to the facts and circumstances of this case, we hold the district court did not abuse its discretion in finding that Hall failed to meet his burden to

show an abuse of discretion in the district court's denial of his motion to withdraw pleas. Accordingly, we affirm the ruling of the district court.

Affirmed.