NOT DESIGNATED FOR PUBLICATION

No. 114,868

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN T. BAUMANN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC R. YOST, judge. Opinion filed January 27, 2017. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.

*Per Curiam*:  John T. Baumann appeals the district court's decision to revoke his probation and order to serve a modified prison sentence. Finding no error, we affirm the district court.

On April 15, 2014, the Sedgwick County District Court entered a protective order restricting Baumann from having any contact with his former girlfriend, Sara Beard. The order specifically prohibited "personal contact, contact by telephone, written correspondence, including electronic mail [e-mail] and/or instant messaging." That same

1

day, the State charged Baumann with one count each of burglary and violation of a protective order, alleging that he had unlawfully entered Beard's residence with the intent to commit a breach of privacy.

On April 28, 2014, Baumann made his first appearance on the charges and was released on bond with the condition that he have no contact with Beard. On May 6, 2014, the State filed a motion to revoke Baumann's bond, alleging that he had contacted Beard numerous times via cell phone. The district court granted the State's motion and modified the conditions of Baumann's bond by increasing the amount of the bond and adding a requirement that Baumann be subjected to an electronic monitoring system.

On March 13, 2015, Baumann pled guilty to the charged crimes pursuant to a plea agreement with the State. The district court sentenced Baumann to a 24-month term of probation with an underlying controlling prison sentence of 21 months.

The State subsequently alleged Baumann violated the terms of his probation by contacting Beard on June 8, 2015, and by testing positive for drug use on August 3, 2015. At a probation revocation hearing, the State advised the court that Baumann had posted a message on Beard's Pinterest account that said he "'loved her and didn't want any other man loving her.'" Based on Baumann's failure to comply with the no-contact order, the State asked the court to find that Baumann was a danger to the community under K.S.A. 2015 Supp. 22-3716(c)(9) and impose the underlying prison sentence. Baumann admitted to both violations but requested reinstatement of his probation with electronic monitoring, asserting that his behavior did not constitute a threat to community safety. The district court rejected Baumann's request to reinstate his probation but instead of imposing the original prison sentence of 21 months, the court imposed a modified prison sentence of 19 months. Specifically, the judge stated,

"Well, here's how I see it; she wouldn't have asked for the [protective order] in the first place unless there was a problem. Then he violated the [order], which he pled guilty to in March; and now here we are, he's still having trouble figuring it out.

"I don't know what Mr. Baumann is capable of or not. I don't know anything about this relationship, but I do know that we all pick up the paper every day and read that people who have these kinds of problems end up getting hurt; and it's my job to try to protect the public as much as possible.

"I don't like sending people to prison for things that are not violent offenses. But I have to tell you, if this was a family member of mine, I would be very, very concerned. I'm surprised this gallery isn't packed with people who are concerned for this lady.

"I'm sorry. I'm going to revoke and impose. I'm going to make the finding on public safety that the [district attorney] is asking me to make, and I'm going to impose the original sentence."

Baumann appeals, arguing the district court abused its discretion by revoking his probation and by imposing a prison sentence rather than giving him another chance at probation.

A district court's decision to revoke probation must be based on a factual finding that a condition of probation has been violated. Once a violation has been established, the decision to revoke probation has been traditionally considered within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). But district courts are now required to first impose intermediate sanctions before revoking an offender's probation and imposing the underlying sentence, absent certain exceptions. See K.S.A. 2015 Supp. 22-3716(c). A district court may revoke probation and impose the underlying sentence—without first imposing an intermediate sanction—if the offender commits a new crime, absconds from supervision, or if the court sets forth with particularity its reasons for finding the safety of the public will be jeopardized or the welfare of the offender will not be served by an intermediate sanction. K.S.A. 2015 Supp. 22-3716(c)(8)-(9). In this case, the district court found that the public's safety would be jeopardized if Baumann was not sent to

prison. Baumann does not challenge the factual basis for the district court's findings under K.S.A. 2015 Supp. 22-3716(c)(9).

Because the district court was not required to impose any of the intermediate sanctions set forth in K.S.A. 2015 Supp. 22-3716(c), we review its decision to revoke Baumann's probation for an abuse of discretion. Judicial discretion is abused if: (1) no reasonable person would have taken the view adopted by the court; (2) the action was based on an error of law; or (3) the action was based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party alleging an abuse of discretion bears the burden of proof. *State v. Decker*, 288 Kan. 306, 311, 202 P.3d 669 (2009).

Baumann contends that no reasonable person would agree with the district court's ruling because his behavior was nonviolent and did not involve physical contact with Beard. Baumann suggests that a more appropriate sanction would have been to reinstate his probation with the addition of an electronic monitoring requirement, which would have protected Beard while also providing him an opportunity to rehabilitate outside of institutional confinement.

We find nothing unreasonable about the district court's decision here. Despite the protective order prohibiting him from having any contact with Beard, Baumann was charged with burglary and violating the protective order when he entered Beard's residence without her permission. Baumann then violated the conditions of his bond by contacting Beard numerous times via cell phone. Baumann pled guilty to the crimes and was prohibited from contacting Beard as a condition of his probation. A month after he was sentenced, Baumann posted a comment on Beard's Pinterest page. While Baumann attempts to minimize his most recent action as nonviolent and nonphysical, this was not an isolated incident. Given Baumann's apparent inability to abide by the district court's no-contact orders, the district court could reasonably conclude that Baumann could pose a danger to Beard and that Baumann was therefore no longer an appropriate candidate for

4

probation. Because Baumann was clearly not amenable to probation under these circumstances, there was nothing arbitrary, fanciful, or unreasonable in the district court's ruling revoking probation and imposing a sentence of imprisonment.

Affirmed.