NOT DESIGNATED FOR PUBLICATION

No. 118,162

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEXANDER JEAN HILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed May 11, 2018. Affirmed.

*Christopher Ambrose*, of Harvest Legal, of Emporia, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM:  Defendant Alexander Jean Hill appeals the decision of the Lyon County District Court to sentence him to serve 12 months in the county jail on a conviction for misdemeanor theft from a vehicle. He contends the district court abused its discretion in not placing him on probation. We find no abuse of discretion and affirm the district court.

1

The State initially charged Hill with one count of burglary of a vehicle, contrary to K.S.A. 2017 Supp. 21-5807(a)(3), a severity level 9 nonperson felony, stemming from events on April 5, 2017. Pursuant to a plea agreement, the State effectively substituted an amended charge against Hill of one count of theft of property worth less than $1,500, contrary to K.S.A. 2017 Supp. 21-5801(a)(1), a class A nonperson misdemeanor, and dismissed the charge for burglary of a vehicle. In exchange, Hill pled no contest to the theft charge. The district court accepted the plea and found Hill guilty of misdemeanor theft.

At a hearing on June 21, 2017, the district court sentenced Hill to 12 months in the Lyon County Jail. In so doing, the district court judge stated:

> "I've reviewed all of the factors that I'm allowed and required to consider in determining the sentence to be imposed in this case. Those include such things as the criminal history classification, amenability to probation, performance, and other similar factors that are set out in the statute. . . . Now, with that in mind and given the fact that it does not appear that you are amenable to any type of probation in this case, as evidenced by the revocations in the other cases, it is my decision that you'll be sentenced to a period of incarceration in the custody of the sheriff of Lyon County for a term of 12 months."

Hill has timely appealed his sentence.

Hill now argues that this sentence was an abuse of discretion because he had a minimal criminal history and this was his first nondrug-related conviction.

A sentence for a misdemeanor conviction that conforms to the statutory maximum is within the district court's sound discretion. See *State v. McCloud*, 257 Kan. 1, 9, 891 P.2d 324 (1995). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). As the party asserting

that the district court abused its discretion, Hill bears the burden of showing such abuse. See *State v. Stafford*, 296 Kan. 25, 40, 290 P.3d 562 (2012). The maximum sentence for a conviction of a class A misdemeanor is one year in the county jail. K.S.A. 2017 Supp. 21-6602(a)(1).

A review of the record on appeal shows the district court did not abuse its discretion in sentencing Hill. This sentence is within the statutory limits for Hill's crime of conviction, and his record check showed that he was on felony probation when he committed two new crimes—the crime at issue here and a different drug-related crime. The district court, therefore, correctly understood the governing legal principles and the factual circumstances. The remaining ground for finding an abuse of discretion asks whether no reasonable judicial officer could come to the same conclusion as the district court did in this situation. Hill has not made such a showing. Hill's conduct in committing new crimes while on probation in another case supports the district court's determination that Hill was not amenable to probation. See *State v. Rodriguez*, 269 Kan. 633, 647, 8 P.3d 712 (2000) (defendant's failure on probation in other cases supports district court's determination defendant not amenable to probation in present case, warranting upward dispositional departure to imprisonment). Other district courts would have made the same call, so we find no abuse of discretion in Hill's sentence.

Affirmed.