NOT DESIGNATED FOR PUBLICATION

No. 119,938

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MISTY BRIANA MAYER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Opinion filed April 26, 2019. Affirmed.

Submitted for summary disposition pursuant K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.

PER CURIAM: Misty Brianna Mayer appeals the revocation of her probation. We granted Mayer's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State does not respond. For the reasons stated in this opinion, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL HISTORY

Mayer pleaded no contest to a nonperson misdemeanor theft charge as part of a plea agreement. The district court found her guilty and sentenced her to 60 days in jail, which was suspended on the condition she complete 6 months of supervised probation with court services. She was to report to court services upon her release from jail. She did

1

not report. The court services officer (CSO) called her telephone number, but it had been disconnected. The CSO sent her a letter advising her to report immediately and it was "returned . . . by a female that stated the defendant does not live at that address." A probation revocation warrant was issued for Mayer's arrest.

Mayer ultimately stipulated to violating her probation by failing to report. By the time of the hearing she had 23 days credit against her 60-day jail sentence. She was unable to give any explanation for her failure to report to her CSO, except "I figured I didn't have probation." She told the judge she was no longer using substances like alcohol and drugs. The judge revoked her probation for failure to report and remanded her to serve the balance of her 60-day sentence, or 37 days. She appeals.

ANALYSIS

The procedure for revoking a defendant's probation when the crime of conviction is a misdemeanor is governed by K.S.A. 2018 Supp. 22-3716(b)(3)(B). Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke or reinstate probation is subject to the district court's discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Mayer argues the district court abused its discretion by revoking her probation. Because she does not argue the district court's decision was based on an error of law or an error of fact, Mayer must show the court acted in an arbitrary, fanciful, or unreasonable way. Mayer stipulated to violating her probation by never reporting to her CSO after her release from jail. She agreed this was sufficient to revoke her probation. She gave no

2

valid excuse for failure to report nor for leaving numbers and addresses with the court that were not valid. As the prosecutor noted at the hearing on the revocation of her probation, "[I]t's hard for court services to help people when they don't show up." Mayer was sentenced December 7, 2017, and even up to the date of the hearing on April 19, 2018, she had never reported. We find the district court's decision was not arbitrary, fanciful, or unreasonable. Accordingly, we affirm.

Affirmed.