NOT DESIGNATED FOR PUBLICATION

Nos. 119,730
119,731

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RIQUARDO CASTILLO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed April 26, 2019. Affirmed.

Submitted for summary disposition pursuant K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.

PER CURIAM: Riquardo Castillo appeals the reinstatement and extension of his probation. We granted Castillo's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded by not objecting to summary disposition but requesting that we affirm the district court's decision. For the reasons stated in this opinion, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL HISTORY

Castillo pleaded guilty to possession of methamphetamine in case 13CR2285. He also pleaded guilty to possession of methamphetamine with intent to distribute,

1

possession of paraphernalia, and possession of proceeds derived from violation of drug laws in case 13CR3158. The cases were consolidated for sentencing.

The district court sentenced Castillo to a controlling sentence of 123 months' imprisonment. But the court granted a dispositional departure in favor of 36 months' probation.

Less than a year later, Castillo violated his probation by failing to report, failing to attend treatment, and using drugs. The court revoked his probation, reinstated it, and extended Castillo's probation for an additional 36 months from the date of the revocation.

Castillo stipulated to violating his probation again in March 2018 by physically battering his girlfriend and failing to pay his fines. His probation term would have expired in June 2018. Due to Castillo's stipulation, the State asked the court to again revoke, reinstate, and extend Castillo's probation, this time for one year. He was released to successfully complete the community corrections residential program and an anger management program. Castillo's counsel echoed the State's request. The victim was present and also agreed with reinstatement of Castillo's probation. The court accepted Castillo's stipulation and extended his probation an additional 12 months.

Castillo appeals.

ANALYSIS

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke or reinstate probation is subject to the district court's discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on

an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Castillo argues the district court abused its discretion by adopting the parties' agreement and extending his probation. Castillo's argument is unpersuasive for two reasons.

First, even if it the court's adoption of the parties' plea agreement was error, a litigant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Castillo and his attorney both requested that the court go along with the State's recommendation, accordingly he cannot complain of error now.

Second, because Castillo does not argue the district court's decision was based on an error of law or an error of fact, he must show the court acted arbitrarily, fancifully, or unreasonably. Castillo stipulated to violating his probation by physically battering his girlfriend and failed to make payments toward his current case since September 2017. The violations occurred when he was within three months of completing his probation term. The district court reinstated and extended Castillo's probation as he requested so that he could have an opportunity to successfully complete a residential treatment program and anger management classes, rather than spend over 10 years in prison. The court's decision to extend Castillo's probation was not arbitrary, fanciful, or unreasonable under the circumstances. It was certainly better for Castillo than the other equally reasonable alternative of revoking his probation for new crimes.

The decision of the district court is affirmed.

3