NOT DESIGNATED FOR PUBLICATION

Nos. 120,320
120,321

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACHARY MITCHELL MYLES HUTCHENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed September 27, 2019. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Kristi Cott*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., HILL and WARNER, JJ.

PER CURIAM: In this appeal of the revocation of his probation, Zachary Mitchell Myles Hutchens fails to persuade us that the district court's decision was unreasonable and had abused its discretion. Hutchens' original sentence was presumed prison but the district court granted him a dispositional departure and placed him on probation instead. Hutchens acknowledged this was his "one last chance" to complete probation. But Hutchens committed new serious crimes while on probation, including aggravated

1

kidnapping, less than two months after sentencing. The sentencing court was well within its discretion to revoke his probation. We affirm.

After making an agreement with the State, Hutchens pled no contest to two counts of aggravated indecent solicitation of a child, a severity level 5 person felony, one count of burglary, and one count of theft.

Hutchens was sentenced in July 2016. The presumptive sentence was imprisonment, but the court followed the plea agreement and granted Hutchens a downward dispositional departure to probation. The court imposed a total prison term of 135 months' incarceration. Defense counsel noted that Hutchens wanted "one last chance to successfully complete probation. He asked me to negotiate a long controlling sentence with probation, understanding that if he fails to live up to his end of the bargain, then he is going away for a long, long time." Indeed, the court noted that there was a treatment program that would decrease Hutchens' chance of recidivism. But the court warned Hutchens that it would "take it very seriously" if he were to violate his probation and there would be punishments for violations.

In October 2017, the State moved to revoke Hutchens' probation alleging that:

- He was convicted by a jury in Pawnee County of aggravated kidnapping, criminal threat, and two counts of theft, and the crimes were committed while Hutchens was on probation in this case;
- in August 2016, he failed to attend a scheduled office visit with his intensive supervision officer; and
- in September 2016, he was arrested by the Pawnee County Sheriff's Department, and he did not have permission to travel outside Finney County on that day.

The State presented evidence to the court of Hutchens' Pawnee County convictions for aggravated kidnapping, aggravated endangering of a child, and two counts of theft. These crimes were committed on September 6, 2016. For these crimes, Hutchens was sentenced to 626 months in prison. The State argued that the court should bypass intermediate sanctions and order Hutchens to serve his original sentence because he had committed new crimes and because he had been granted a downward dispositional departure. Hutchens argued that he expected to prevail on his direct appeal of the Pawnee County convictions and that the other violations were technical. He requested a sanction instead of being sent to prison.

With this evidence, the district court found that Hutchens had violated the conditions of his probation. The court found that Hutchens had committed new crimes while on probation and revoked his probation and sent him to prison to serve his sentence. The court noted that it was revoking Hutchens' probation based on the Pawnee County conviction for aggravated kidnapping, not the technical violations, and that "should the supreme court or court of appeals choose to reverse [the conviction] . . . , I think Mr. Hutchens would be entitled to a rehearing of the issue as to whether he should be sentenced to serve his sentence[s] in these particular two cases from Finney County."

To us, Hutchens contends that no reasonable judge would have revoked his probation because this was his first probation violation, no prior sanctions had been imposed, and the revocation deprived Hutchens of available treatment and rehabilitation opportunities. Hutchens contends the court failed to properly consider his individual circumstances and what disposition would best serve his needs and welfare.

Some fundamental points of law must be considered. Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action is:

3

- arbitrary, fanciful, or unreasonable;
- based on an error of law; or
- based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Hutchens bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). So the question here is whether the district court abused its discretion in sending Hutchens to prison.

Revocation of probation is no longer automatic in Kansas. The statute, K.S.A. 2018 Supp. 22-3716(c), limits the court's discretion in deciding how to sanction a probation violator. Under the statute, a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply.

For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2018 Supp. 22-3716(c)(8)(A), (c)(9)(A). The statute does not require that the probationer have been *convicted* of a new crime, only that the probationer *committed* a new crime. Though here, Hutchens was convicted of the new crimes by a jury. The court did not have to impose an intermediate sanction because it found that Hutchens committed new crimes while on probation.

Hutchens offers us no legal or factual basis on which the district court erred. Rather, he argues the district court's decision was unreasonable. We disagree. The court did consider Hutchens' individual circumstances and found that he committed the crimes of aggravated kidnapping, aggravated endangering of a child, and theft, which were a

4

"substantial deviation" from his probation obligations. The court pointed to a "continuing pattern of convictions."

Hutchens committed the new crimes less than two months after the court placed him on probation and warned him that it would take seriously any probation violations. Hutchens was originally convicted of serious crimes, including two counts of aggravated indecent solicitation of a child, for which his sentence was presumed prison. A reasonable person could agree with the district court's decision to revoke Hutchens' probation and impose his underlying sentence. We find no abuse of discretion here.

Affirmed.