NOT DESIGNATED FOR PUBLICATION

No. 120,708

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUGRELIO FRANK DELEON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed January 31, 2020. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Kristi Cott*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE and STANDRIDGE, JJ.

PER CURIAM: Augrelio Frank Deleon appeals the district court's decision to revoke his probation and order him to serve his underlying sentence. After reviewing the record and the parties' briefs, we summarily affirm the revocation of Deleon's probation under Supreme Court Rule 7.042(b)(3), (4), (5), and (6) (2019 Kan. S. Ct. R. 48).

Deleon was convicted of possession of drug paraphernalia and interference with a law enforcement officer. He pled no contest and the district court accepted his plea. Deleon was sentenced to 49 months' imprisonment with 12 months of postrelease

1

supervision. However, the district court granted Deleon's motion for downward dispositional departure to 12 months' supervised probation. The district court required Deleon to begin a drug treatment program within the first three months of sentencing. The court warned Deleon: "If you can't make it, I absolutely guarantee you if I see you again, I will send you to prison."

Approximately four months after he was sentenced, Deleon admitted to failing to report to his probation supervisor as directed and signed an agreement to serve a two-day jail sanction in lieu of the State filing a motion to revoke probation. A few months later, the State filed a motion to revoke probation.

The district court found Deleon violated his probation based on his admission to drug use, failure to report to his probation supervisor as directed, and failure to check in with his probation supervisor after he was released from the Finney County Jail on June 11, 2018. The district court set the matter for a separate dispositional hearing and when it occurred, Deleon admitted to "pretty heavy use of both" marijuana and methamphetamine. He said he missed meetings with his probation supervisor because he "was just out there kind of drugged out."

The district court did not "find anything in [Deleon's] behavior that indicate[d] that there [was] likely to be an alternative result if [he was] given probation for a second, third or fourth time." It held "the request for . . . an opportunity to be placed back on Community Corrections does not appear . . . to be worth the effort for them or very likely to succeed on [Deleon's] part." Accordingly, Deleon was ordered to serve his underlying prison sentence.

Deleon argues the district court erred by not imposing an intermediate sanction. However, he acknowledges because his probation was granted under a downward dispositional departure, the district court was not required to do so. See K.S.A. 2018

2

Supp. 22-3716(c)(9)(B). Deleon does not contest the sufficiency of the evidence underlying the finding he violated his probation. He acknowledges once the district court finds a defendant has violated the terms of probation, the decision to revoke probation rests in the discretion of the district court. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. See *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). We observe no error of fact or law by the district court or arbitrary action on its part. The district court did not abuse its discretion by revoking Deleon's probation originally granted upon a downward dispositional departure.

Affirmed.