NOT DESIGNATED FOR PUBLICATION

Nos. 124,419
124,420

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL KENNETH WOODS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed July 29, 2022.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and
(h).

Before WARNER, P.J., HURST, J., and TIMOTHY LAHEY, S.J.

PER CURIAM: Michael Kenneth Woods appeals the district court's revocation of
his probations in two separate cases—19 CR 133 and 19 CR 186—which have been
consolidated for the purpose of this appeal. This court granted Woods' motion for
summary disposition pursuant to Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48).
This court finds that the district court did not abuse its discretion by revoking his
probation and affirms.

1

FACTUAL AND PROCEDURAL BACKGROUND

In November 2019, Woods pled nolo contendere to one count of felony possession of methamphetamine in case 19 CR 133 and one count each of attempted burglary and fleeing or attempting to elude a police officer in case 19 CR 186—both felonies. At sentencing for both cases, the district court noted that Woods fell into the category for presumptive prison in case 19 CR 133, but instead granted a motion for a downward dispositional departure and placed Woods on probation for up to 18 months with an underlying prison term of 34 months. In case 19 CR 186, the court sentenced Woods to an 8-month prison term for the first count and 6 months' imprisonment for the second count, to run consecutively, but instead placed him on 12 months of probation in that case.

Despite the district court's explanation of the potential repercussions—including prison—Woods was unable to successfully complete the terms of his probation. The State moved to revoke Woods' probation in August 2020 alleging that he failed to submit a drug test in January 2020, tested positive for methamphetamine in February and March 2020, had not paid his costs, and was kicked out of his drug treatment programs after committing multiple violations. In a hearing on September 2, 2021, Woods stipulated to the alleged violations, and the district court imposed a 30-day jail sanction, then ordered Woods to return to drug treatment and placed him back on probation. At that hearing Woods assured the court he would take his probation more seriously, and the court warned him that if he did not comply with the conditions of his probation the court had "no qualms sending you to the Department of Corrections on your next appearance before this Court."

Unfortunately Woods' assurances to the court were for naught and the State moved to revoke Woods' probations a second time in December 2020 alleging multiple probation violations. Specifically, the State alleged that Woods

- failed to report for drug testing on two occasions;

- tested positive for methamphetamine on a third occasion;

- failed to maintain participation in his substance use program;

- failed to notify his probation officer of a change in residence;

- failed to pay costs; and

- "had contact with law enforcement at 4:00 a.m. on December 15, 2020."

At a hearing on July 6, 2021, Woods pled guilty to a new charge in case 21 CR 26 of obstructing or interfering with law enforcement, a nonperson felony. In a later hearing, the court sentenced Woods in the new case, heard the State's motion to revoke his probation in his prior cases, and found that he violated his probation in several ways—including being convicted of a new crime while on probation.

The district court revoked his probations and ordered him to serve the remainder of his underlying sentences.

DISCUSSION

Woods' sole argument on appeal is that the district court abused its discretion by revoking his probations and ordering him to serve his underlying sentences. The decision to revoke probation is within the sound discretion of the district court. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). The district court abuses its discretion when its decision is based on an error of law or fact or when its action is arbitrary, fanciful, or unreasonable such that a reasonable person could not agree. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). As the person asserting the error, Woods bears the burden of proving that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Woods committed the crimes at issue in this appeal in June and September 2019—which results in two different statutory versions governing his probation revocations. See K.S.A. 2019 Supp. 22-3716(c); 2018 Supp. 22-3716(c). Although different in some ways, both versions of the statute require the district court to impose graduated sanctions prior to revoking probation and imposing the underlying sentence—unless an exception applies. K.S.A. 2019 Supp. 22-3716(c)(7); K.S.A. 2018 Supp. 22-3716(c)(8). Under both versions, the district court may revoke a person's probation without first implementing graduated sanctions if the person committed a new crime while on probation. K.S.A. 2019 Supp. 22-3716(c)(7)(C); K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Here, the district court found that Woods committed a new crime while on probation—and in fact sentenced him for that crime at the same hearing as his probation revocation. In its journal entry, the district court identified "committed new crime" as the reason for revocation—which is permitted by applicable law. Therefore, the district court did not err in its application of the law, nor has Woods argued that the district court was factually incorrect in its determination that he committed a new crime while on probation. Finally, the district court's decision was not arbitrary or unreasonable—the court had previously sanctioned Woods for prior violations and warned him that future violations would result in imprisonment. While, according to Woods' testimony, he appears to have a substance use problem—the district court provided ample treatment opportunities to allow Woods to avoid imprisonment. Instead, Woods not only continued to use methamphetamine but also committed a new crime while on probation.

Given the circumstances of this case, the district court did not abuse its discretion in revoking Woods' probation and ordering him to serve his entire underlying sentence.

Affirmed.

4