NOT DESIGNATED FOR PUBLICATION

No. 115,550

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL JEFFERY POTTS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed December 16, 2016. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., ATCHESON and POWELL, JJ.


*Per Curiam*: Defendant Michael Jeffery Potts appeals from the decision of the Wyandotte County District Court revoking his probation and requiring him to serve his underlying sentence for aggravated assault. Potts contends the district court abused its discretion in light of the testimony he presented at the revocation hearing showing he returned to sobriety and had strong support from family and friends. We find no abuse of discretion and, therefore, affirm the district court.

1

After putting a gun to his wife's head and threatening to kill her, Potts was criminally charged with and ultimately pled guilty in 2014 to aggravated assault with a deadly weapon, a severity level 7 person felony violation of K.S.A. 21-5412(b). At the sentencing hearing, Potts' lawyer argued that substance abuse had played a substantial part in the criminal episode and Potts had since checked himself into a treatment program and had gotten sober. The district court noted that a significant number of people had come to the hearing to support Potts. The district court sentenced Potts to 24 months' probation with an underlying 23-month prison sentence, made a domestic violence finding, and imposed an array of probation conditions requiring Potts not violate any local, state, or federal law and not consume alcohol or illegal drugs. The district court warned Potts against testing positive for any prohibited substances.

In late July 2015, the State filed a motion to revoke the probation because Potts had violated the conditions in multiple ways. The State alleged Potts had been charged with new crimes, including domestic assault in Pettis County, Missouri, on May 25, 2015; aggravated battery in Atchison County, Kansas, on July 7, 2015; and two driving under the influence offenses in Wyandotte County on July 27, 2015, and July 28, 2015. The State also alleged he had tested positive for cocaine, benzodiazepines, and oxycodone.

At a probation revocation hearing in November 2015, Potts admitted that he had been charged with the new crimes and that he had relapsed and used illegal drugs. His lawyer explained that the aggravated battery charge had been resolved with Potts' plea to three misdemeanors. Despite those admissions, Potts argued that the district court should reinstate his probation because he had again sought substance abuse treatment and because he had a strong support network to help him. Potts' lawyer suggested an intermediate sanction of incarceration for 120 days would be appropriate. See K.S.A. 2015 Supp. 22-3716(c).

2

Wyandotte County Sheriff Don Ash testified that at first he unsuccessfully tried to get Potts to go into a treatment program. But after Potts was released from jail on the DUI arrests, Ash said he got Potts into a treatment program. And, according to Ash, Potts had remained sober ever since. Ash also testified that Potts "busted up" his arm in a tree trimming accident, had pins put in his arm, and had to wear a device to hold the arm together. Ash suggested that a county jail or another detention facility would have to commit substantial resources and incur extra expense to house Potts, given his injury. But Ash agreed the situation would be manageable from a penological standpoint.

William Zielinski testified that Potts struggled and "fell off the path" after his father died but had gotten treatment. Evan Collins, the son of Potts' new wife, also testified on Potts' behalf. Collins was the victim in the Atchison County case. Collins testified that Potts struck him in the head with a pry bar. But Collins told the district court he believed he shared the blame for the incident and Potts had changed since then. A minister and a church friend also testified.

The district court ultimately revoked Potts' probation and ordered that Potts serve the underlying prison sentence. The district court cited Potts' "continuing pattern" of aggressive behavior directed at those around him who were attempting to help him with his substance abuse issues. Although the district court acknowledged the significance of treatment programs, it also recognized Potts posed a continuing risk to the safety of others and to himself.

The court specifically found that Potts had committed new crimes—the convictions in Atchison County and that Potts posed a danger to public safety and to himself. Potts timely appealed.

On appeal, Potts contends that the district court abused its discretion in revoking his probation because no reasonable judge would have come to that conclusion in light of

the evidence. Potts characterizes the evidence as demonstrating his need for drug and alcohol treatment and to remain "in the supportive arms of his church family." He contends he committed his crimes while under the influence of drugs and alcohol and has now regained sobriety. Likewise, he suggests he has an extensive support system and his physical injury poses a unique hardship for him in prison.

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Potts bears the burden to show an abuse of discretion. See *State v. Stafford,* 296 Kan. 25, 45, 290 P.3d 562 (2012).

On appeal, Potts largely reargues the evidence favorable to him presented at the revocation hearing and submits that evidence establishes the district court abused its discretion in coming to an unreasonable decision. Potts at least tacitly acknowledges the district court understood the relevant facts and the controlling law. He makes no argument to the contrary. Potts, however, discounts or disregards the countervailing evidence. That evidence showed he had repeatedly failed to overcome his abuse of alcohol and illegal drugs despite his support network and intensive treatment. Likewise, Potts continued to engage in both criminal and antisocial behavior indicating an unwillingness or inability to conform to accepted standards designed to keep the public safe. And at least some of Potts' conduct also jeopardized his own welfare and safety—particularly the ongoing abuse of alcohol and drugs. The district court appropriately discounted Potts' injury to his arm. The evidence showed that the limitation would pose more of a burden to the facility in which Potts might be incarcerated than to Potts personally. So incarceration did not create some especially heightened risk to Potts.

4

Balancing all of those competing considerations, the district court acted well within its discretion to revoke Potts' probation and require he serve his underlying sentence.

The district court expressly found Potts committed a new crime while on probation and explained that continuing him on probation would compromise public safety and his own welfare. Those are all proper grounds exempting a district court from imposing intermediate sanctions on a defendant who violates the terms of his or her probation sentence. K.S.A. 2015 Supp. 22-3716(c)(8), (c)(9). Potts recognizes the district court conformed to the statutory requirements at least insofar as he had committed a new crime. That alone is legally sufficient to support the district court's determination to bypass any intermediate sanction. The district court, however, also properly relied on the other exemptions. See K.S.A. 2015 Supp. 22-3716(c)(9).

Affirmed.