NOT DESIGNATED FOR PUBLICATION

No. 116,353

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JARED MICHAEL HUNDLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed April 7, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Jared Michael Hundley appeals the district court's revocation of his probation after finding he violated the conditions of his probation. We granted Hundley's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Finding no abuse of discretion, we affirm.

After pleading guilty to two counts of aggravated battery, Hundley was sentenced on June 6, 2014, to 24 months' probation with an underlying 12 months' imprisonment. On August 21, 2014, Hundley waived his right to a probation violation hearing and admitted to violating the conditions of his probation by failing to maintain contact with

1

his supervision officer and by failing to remain drug free. Hundley accepted a 2-day jail sanction for each violation.

On December 3, 2014, the State filed a motion to revoke Hundley's probation for (1) failing to maintain contact with his supervision officer; (2) failing to report as directed; (3) failing to remain drug free; and (4) failing to complete required programming. At the show cause hearing, Hundley stipulated to these probation violations, and the district ordered him to serve a 120-day prison sanction. Hundley appealed this decision, but another panel of our court affirmed the district court's sanction. *State v. Hundley*, No. 113,617, 2016 WL 1298021, at *2 (Kan. App. 2016) (unpublished opinion).

On May 13, 2015, the State filed a second motion to revoke Hundley's probation for (1) failure to maintain contact with his supervision officer and (2) failure to report as directed. At the show cause hearing, Hundley stipulated to violating the terms of his probation. The district court revoked his probation and ordered him to serve his underlying prison sentence.

Once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Hundley bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2016 Supp. 22-3716(c)(1) requires a sentencing court to impose an intermediate sanction on a violating probationer before ordering the probationer to serve his or her underlying sentence unless certain exceptions apply. Here, on two separate

2

occasions, the district court imposed intermediate sanctions pursuant to K.S.A. 2016 Supp. 22-3716(c)(1). Hundley stipulated to the violation of his probation for a third time. Because Hundley made such a stipulation and had previously received intermediate sanctions for prior probation violations, the district court was well within its discretion to revoke Hundley's probation. Because we conclude that a reasonable person could have taken the action the district court took here, there was no abuse of discretion.

Affirmed.