NOT DESIGNATED FOR PUBLICATION

Nos. 115,498
115,499

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN GIBBONS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 28, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HILL and SCHROEDER, JJ.

*Per Curiam*: Justin Gibbons appeals the district court's revocation of his probation and imposition of his sentence. We find no error and affirm.

In one Sedgwick County case, No. 14CR1793, Gibbons pled guilty to criminal possession of a firearm by a convicted felon and felony theft. In a second Sedgwick County case, No. 14CR2785, Gibbons pled guilty to possession of methamphetamine. The court consolidated these cases.

1

The district court granted Gibbons' motion for a downward dispositional departure to probation, citing the age of Gibbons' prior person felony conviction and his participation and success in drug treatment, as reasons for the departure. The court was encouraged that Gibbons had voluntarily entered into treatment and had been so far successful. But the court was concerned with the fact that Gibbons had several violations on his presentence investigation report for the past 5 years and had a "significant" criminal history.

The court warned that Gibbons was going to have to "follow the law clearly." The court also warned that it had "zero tolerance" for any positive UAs for illegal drugs while he was on probation. "If those things occur, you are in violation. I will impose the underlying sentence." The court sentenced Gibbons to 36 months' probation with a total underlying prison term of 52 months.

A few months later, the court issued a warrant for Gibbons' arrest based on allegations that he had violated the conditions of his probation. The State alleged that Gibbons had:

- failed to notify his ISO within 24 hours that he was terminated from his employment;
- submitted a urine sample which tested positive for methamphetamine on November 18, 2015; and
- committed the new offenses of burglary and theft as alleged in Butler County Sheriff case No. 15-00014144 on or about November 20, 2015.

At his probation revocation hearing, Gibbons waived his right to a hearing and admitted the violations. The court revoked his probation and ordered him to serve his sentence. The court also found that Gibbons committed new felonies while on probation and that the safety of the public would be jeopardized if Gibbons was placed back on

probation because he had committed a new crime and because his last crime involved a firearm.

On appeal, Gibbons primarily contends that the district court abused its discretion by revoking his probation because his failure to comply was caused by his addiction and the needs of the community would be better served if Gibbons was placed back on probation to get treatment.

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Gibbons bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

The statute, K.S.A. 2015 Supp. 22-3716(c), provides that a sentencing court should generally impose an intermediate sanction before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor or absconds from supervision while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(8), (c)(9).

The court found both that Gibbons committed new felonies and that public safety would be jeopardized if Gibbons was placed back on probation. Gibbons admitted that he committed the new crimes. Therefore, the court was not required to impose an intermediate sanction.

3

At Gibbons' sentencing hearing, the district court granted a departure to probation because he was in treatment for his addiction. But within 3 months of being warned by the court that he had to remain sober and follow the law while on probation, Gibbons used methamphetamine and committed burglary and theft. Gibbons does not point to any errors of fact or law in the district court's decision to now revoke his probation. The decision was not arbitrary, fanciful, or unreasonable. Rather, the court found that Gibbons was a danger to public safety if he was placed back on probation. Gibbons had an extensive criminal history and the court had already given him the chance to get treatment for his addiction. But Gibbons went back to using drugs and committed new crimes.

The district court was well within its discretion to revoke Gibbons' probation and impose his sentence.

Affirmed.