NOT DESIGNATED FOR PUBLICATION

No. 116,580

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY IORI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed August 4, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before PIERRON, P.J., GREEN and HILL, JJ.

*Per Curiam*:  This is a summary disposition under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48) of Gary Iori's appeal of the district court's revocation of his probation and imposition of his prison sentence.

Iori pled guilty to six counts of forgery, a severity level 8 nonperson felony, and one count of false impersonation, a class B nonperson misdemeanor. The court sentenced Iori to 36 months in prison, which was suspended, and 18 months' probation. Iori was ordered to comply with several conditions of probation including no possession or

1

consumption of alcohol or drugs without a legal prescription and obey federal, state, and local laws.

Based on allegations that he violated the conditions of his probation by testing positive for amphetamines and Iori's admission that he had used heroin and methamphetamine since being released from jail, the court issued a warrant for Iori's arrest. At that time, the court revoked and reinstated Iori's probation and ordered a 3-day "quick dip" sanction. The court emphasized that there would be zero tolerance if he was involved in illegal drug use again.

Once again, the court issued a warrant for Iori based on an allegation that he violated the conditions of his probation because in November 2015, Iori was charged with identity theft, forgery, making a false instrument, and possession of stolen property as alleged in Crawford County Case Number 201500001833.

At the probation revocation hearing, the court noted that Iori was convicted in Crawford County of the charges set out above. Iori waived his right to a hearing and admitted to the convictions. Based on this, the court revoked Iori's probation and ordered him to serve his original sentence. The court found that Iori committed a new crime and his welfare would not be served by an intermediate sanction.

To us, Iori contends that the district court erred in revoking his probation and in imposing his original prison sentence.

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action is:

- arbitrary, fanciful, or unreasonable;

2

- based on an error of law; or

- based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Iori bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Even though K.S.A. 2015 Supp. 22-3716(c) directs that a sentencing court should generally impose an intermediate sanction before ordering a probation violator to serve his or her underlying sentence, certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor or absconds from supervision while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(8), (c)(9).

Here, the court found Iori committed a new felony. Therefore, it was not required to impose an intermediate sanction. Further, Iori does not point to any errors of fact or law in the district court's decision to revoke his probation. Within months of sentencing Iori violated his probation by using drugs, but the court gave him a second chance. The court warned Iori that it had zero tolerance for another violation. Then Iori admitted committing a new crime. The court's decision was not arbitrary, fanciful, or unreasonable. The district court was well within its discretion to revoke Iori's probation and impose his original sentence.

Affirmed.