NOT DESIGNATED FOR PUBLICATION

No. 116,290

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIE E. YOUNG,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed September 15, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM:  Willie E. Young appeals his 12-month jail sentence after pleading guilty to domestic battery. Young argues the district court abused its discretion by ordering a 12-month jail sentence rather than granting probation. Finding no abuse of discretion, we affirm Young's sentence.

On September 8, 2014, Young pled guilty in case 14 CR 790 to domestic battery pursuant to K.S.A. 2013 Supp. 21-5414(a)(1). Because Young previously had been convicted of domestic battery two or more times within the preceding five years, the

1

conviction was designated as a nongrid person felony for sentencing purposes. See K.S.A. 2013 Supp. 21-5414(b)(3). In the plea agreement, the parties agreed to jointly recommend that Young be sentenced to 12 months in jail but be required to serve only 120 days in jail followed by probation. A sentencing hearing was scheduled for October 20, 2014, but Young failed to appear. A bench warrant was issued based on Young's failure to appear. The bench warrant was served and returned on January 29, 2015.

On July 27, 2015, Young pled guilty to robbery, a level 5 person felony, in case 15 CR 257. The district court combined the sentencing hearing for case 14 CR 790 and case 15 CR 257. After considering the arguments of the parties, the court sentenced Young to 130 months in prison in case 15 CR 257, which was the mid-range sentence for that crime. The court then sentenced Young in case 14 CR 790 to 12 months in jail, a fine of $1,000, and restitution in the amount of $50. The court ordered the sentence for case 14 CR 790 to run concurrently with the sentence for case 15 CR 257.

The sole issue Young raises on appeal is whether the district court abused its discretion by ordering a 12-month jail sentence in case 14 CR 790 rather than granting probation. A sentence for domestic battery under K.S.A. 2013 Supp. 21-5414(b)(3) does not fall within the Kansas Sentencing Guidelines Act (KSGA). This court reviews nonguideline sentences under the pre-KSGA standard:

> "A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive. When a reviewing court determines that no reasonable person would agree with the trial court's decision, then an abuse of discretion will be found. [Citations omitted.]" *State v. McCloud*, 257 Kan. 1, 9, 891 P.2d 324 (1995).

An abuse of discretion also occurs if the court's action is: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. See *State v.*

2

*Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. McCullough*, 293 Kan. 970, 996, 270 P.3d 1142 (2012).

Young contends the district court failed to follow the plea agreement, in which the parties recommended that the court impose a sentence of 12 months in jail but be required to serve only 120 days in jail followed by probation. But a sentencing court is not bound by the terms of a plea agreement. *State v. Boley*, 279 Kan. 989, 993, 113 P.3d 248 (2005). A district court does not abuse its discretion by imposing a harsher sentence than that agreed to by the parties. See *State v. Mosher*, 299 Kan. 1, 2-4, 319 P.3d 1253 (2014).

Young also argues that he has a long history of criminal conduct, and "[i]n order to break this cycle[,] something different needs to be tried." He contends that probation would allow him access to services to overcome his drug addiction, give him the best chance for rehabilitation, and provide an opportunity to become a productive and contributing member of the community. However, Young does not cite any precedent to support the legal proposition that a district court abuses its discretion based on the effect a sentence may have on the goals of rehabilitation or recidivism. A failure to adequately brief an issue results in abandonment or waiver of that issue on appeal. *State v. Logsdon*, 304 Kan. 3, Syl. ¶ 8, 371 P.3d 836 (2016).

The evidence clearly supports the district court's sentencing decision. The court acknowledged that counsel had worked out a deal for a short jail sentence and probation in case 14 CR 790, which the court noted was a violent felony. Sentencing in that case was continued when Young committed a new violent offense in case 15 CR 257, for which the court imposed a presumptive 130-month prison sentence. The court expressed its concern about continuing violence in the community. Rather than granting probation in case 14 CR 790, the court ran the sentence concurrently with Young's prison sentence

in case 15 CR 257. Based on the fact that he committed a new crime while awaiting sentencing in case 14 CR 790, the district court's decision to impose a 12-month jail sentence to run concurrent to the sentence imposed in the robbery case is within the court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive. Neither is the court's decision arbitrary, fanciful, or unreasonable, based on an error of law, or based on an error of fact. We find a reasonable person would agree that the 12-month jail sentence in case 14 CR 790 was not an abuse of discretion.

Affirmed.