NOT DESIGNATED FOR PUBLICATION

No. 116,792

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

YOLANDA LYNN HUTCHINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed December 1, 2017. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Emily E. Brown*, legal intern, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN, J., and KEVIN P. MORIARTY, District Judge, assigned.

PER CURIAM: Yolanda Lynn Hutchins appeals the district court's decision revoking her probation and requiring her to serve her underlying prison sentence. Finding no error, we affirm the district court.

On April 6, 2015, Hutchins pled guilty to a single count of felony theft. The district court sentenced Hutchins to a 13-month prison sentence, but he was granted a 12-month term of probation.

1

On June 3, 2015, the district court issued a warrant for Hutchins' arrest based on allegations that she had violated the terms and conditions of her probation by (1) failing to report a change of address, (2) submitting urine samples that tested positive for alcohol and amphetamines, and (3) failing to report as directed. The warrant further alleged that Hutchins' whereabouts were unknown. Hutchins was arrested in July 2016 and was released on an appearance bond. Hutchins appeared before the court on August 10, 2016, and requested an evidentiary hearing to contest the allegations in the warrant. The district court granted the State leave to amend its motion to include an allegation that Hutchins had absconded from community corrections supervision. The court also ordered Hutchins to provide a urine sample, which tested positive for cocaine, marijuana, and methamphetamine. As a result, the court directed the State to file an additional allegation relating to the failed drug test and revoked Hutchins' bond.

On September 2, 2016, the parties appeared for an evidentiary hearing on the alleged probation violations. The State presented testimony from Kristen Swan, Hutchins' community corrections intensive supervising officer. Swan testified that on April 30, 2015, she went to meet with Hutchins at a scheduled home visit, but Hutchins was not at her reported address. Swan stated that Hutchins later met her at that address and advised that she was living at a new address. Swan also testified that Hutchins tested positive for alcohol on April 17, 2015, and tested positive for amphetamines on May 14, 2015. Swan stated that Hutchins then failed to report on May 19, 2015. According to Swan, Hutchins called but did not leave a message or respond to Swan's subsequent phone calls. Despite Swan's numerous attempts to contact Hutchins thereafter, Swan had no contact with Hutchins again until May 11, 2016, when Hutchins called Swan and advised that she wanted to turn herself in but was scared that she would be taken into custody. Hutchins called Swan again on June 13, 2016, and stated that she did not want to go to prison and refused to give Swan her address. Swan stated that in July 2016, she received an anonymous call with information on Hutchins' whereabouts. Swan passed the information on to the warrant deputies. Swan testified that after Hutchins was arrested on July 8,

2016, she made bond but never reported to or updated her address with Swan. Finally, Swan testified that Hutchins had tested positive for cocaine, methamphetamine, and marijuana at the initial probation violation hearing in August 2016.

The State also presented testimony from Edward Clark and Douglas Robertson, warrant deputies for the Sedgwick County Sheriff's Office, who testified about law enforcement's exhaustive attempts to locate Hutchins from the time the arrest warrant was issued on June 3, 2015, up to her arrest on July 8, 2016. Clark testified that upon her arrest, Hutchins made statements indicating that she knew law enforcement had been looking for her.

After hearing argument from the parties, the district court found there was overwhelming substantial and competent evidence that Hutchins had absconded pursuant to K.S.A. 2016 Supp. 22-3716(c)(8). Specifically, the court noted Hutchins' failure to report for 13 months; the efforts Swan had made to convince Hutchins to report; Hutchins' failure to notify Swan of her new address until Swan visited the old address; evidence that Hutchins had the same phone number, indicating her awareness that Swan was attempting to contact her; Hutchins' refusal to turn herself in; the efforts made by the warrant deputies to locate Hutchins; and Hutchins' admission that she knew the deputies were looking for her. The court also made findings under K.S.A. 2016 Supp. 22-3716(c)(9) that the public's safety was at risk due to Hutchins' continued drug use and lack of recovery efforts, and that Hutchins' own welfare also would not be served by continuing probation for the same reasons. Based on these findings, the district court revoked Hutchins' probation.

The State asked the court to impose Hutchins' underlying prison sentence, while defense counsel argued that Hutchins had mental health and addiction issues that warranted a modified sentence. Hutchins personally addressed the court, claiming that she was amenable to probation, that she had obtained a SACK evaluation and secured a

3

spot in an inpatient treatment program, and that she would not get the help she needed in prison. After recounting Hutchins' criminal history of drug-related offenses and the numerous opportunities for treatment and service she had been given, the district court imposed the underlying 13-month prison sentence. Hutchins filed this timely appeal.

Once the State has proven a violation of the probation conditions, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

K.S.A. 2016 Supp. 22-3716 includes a series of graduated intermediate sanctions that the district court generally must impose if an offender has violated a technical condition of his or her probation. These sanctions range from continuation or modification of the terms of the offender's probation to brief periods of confinement in jail, which gradually increase depending upon the number of sanctions already imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, a district court still has discretion to bypass the intermediate sanctions and impose the offender's underlying prison sentence if the offender commits a new felony or misdemeanor or absconds from supervision. K.S.A. 2016 Supp. 22-3716(c)(8). Likewise, K.S.A. 2016 Supp. 22-3716(c)(9) authorizes a district court to bypass the intermediate sanctions "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

Hutchins concedes that the district court's findings satisfied the particularized finding requirement set forth in K.S.A. 2016 Supp. 3716(c)(8) and (c)(9), but she argues that the court nonetheless abused its discretion in revoking her probation and ordering her to serve the underlying prison sentence rather than a lesser sanction or sentence.

4

After carefully reviewing the record, we are convinced the district court did not err when it revoked Hutchins' probation and ordered her to serve the underlying prison sentence. Hutchins does not point to any errors of fact or law in the district court's decision. Within weeks of sentencing, Hutchins absconded and purposefully hid from law enforcement for over a year. And of special concern to public safety and offender welfare, Hutchins' record of extensive drug use, lack of recovery efforts, and repeated inability to comply with the district court's directives demonstrates that she was not amenable to probation. The court's decision was not arbitrary, fanciful, or unreasonable. The district court was well within its discretion to revoke Hutchins' probation and impose her original sentence.

Affirmed.