NOT DESIGNATED FOR PUBLICATION

No. 117,801

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES E. THOMAS, JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed March 9, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM: James E. Thomas, Jr. appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Thomas' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed a response and requested that the district court's judgment be affirmed.

On November 20, 2014, Thomas pled guilty to one count of aggravated intimidation of a witness or victim. On January 15, 2015, the district court sentenced Thomas to 19 months' imprisonment and granted probation for 24 months to be supervised by community corrections.

1

The record reflects that Thomas violated his probation on two occasions and received intermediate sanctions from the district court. Then, at a hearing on May 4, 2017, based on Thomas' stipulation, the district court found that he violated his probation by committing the new offense of possession of a firearm by a convicted felon and also by absconding from supervision. The district court revoked Thomas' probation and ordered him to serve his underlying prison sentence. Thomas timely appealed.

On appeal, Thomas claims the district court "erred in revoking his probation and in imposing the underlying prison sentence." Thomas acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Thomas' probation after finding that he had committed a new felony while on probation and also that he had absconded from supervision while on probation, and Thomas does not challenge these findings on appeal. Thus, the district court was not required to impose additional intermediate sanctions in this instance. See K.S.A. 2017 Supp. 22-3716(c)(8). Thomas already had violated his

probation on two prior occasions. The district court's decision to revoke Thomas' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thomas has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Affirmed.