NOT DESIGNATED FOR PUBLICATION

No. 117,213

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS
*Appellee*,

v.

SHEILA D. HUDSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 23, 2018. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and MCANANY, JJ.

PER CURIAM:  Sheila D. Hudson appeals the district court's denial of her presentence motion to withdraw her plea. Hudson argues that she had good cause to withdraw her plea and that the district court erred in denying her motion. Finding no abuse of discretion, we affirm the district court's judgment.

On November 30, 2012, the State charged Hudson with one count of forgery, a severity level 8 felony, after she attempted to cash a fraudulent check. As a condition of her bond, the district court ordered Hudson to report to the Pretrial Services Program.

1

Because Hudson failed to report as directed, a warrant was issued for her arrest on May 15, 2013. The warrant was executed nearly two years later on March 17, 2015.

On April 14, 2015, Hudson waived her right to a preliminary hearing and pled guilty to an amended charge of giving a worthless check, a severity level 9 felony. The amendment allowed Hudson to avoid mandatory jail time and fines that would have been associated with a forgery conviction. At the plea hearing, Hudson acknowledged that she completely understood the charge against her, that she had discussed the plea agreement with her lawyer, that she understood the facts alleged against her, and that she understood that she was giving up her right to a trial. When the judge asked, "You're pleading guilty because you are guilty?" Hudson responded, "Absolutely."

The district court accepted the plea, finding that Hudson voluntarily and understandingly waived her rights. The district court ordered Hudson to return for sentencing on May 27, 2015, and released Hudson on bond to be supervised by the Pretrial Services Program. The sentencing hearing eventually was rescheduled for August 28, 2015. Hudson failed to appear for sentencing and another warrant was issued for her arrest. The warrant was executed nearly a year later on July 20, 2016, and sentencing ultimately was rescheduled for October 18, 2016.

On September 9, 2016, Hudson's appointed attorney filed a motion to withdraw the plea. The motion did not include any reasons for withdrawing the plea, but it stated that Hudson would "more fully proffer [her reasons] when this matter is fully heard." At a hearing on September 23, 2016, defense counsel asked the district court to allow Hudson to argue the motion. Hudson argued there was good cause to withdraw her plea because: (1) she did not receive the amended complaint charging her with giving a worthless check until recently and the amount in the complaint was incorrect, (2) a guilty verdict would negatively affect her housing and student loans and she preferred to go to trial on the

2

forgery charge, and (3) the crime of giving a worthless check, according to Hudson, was an upward departure from the original forgery charge.

After hearing the arguments, the district court found that Hudson failed to establish good cause to withdraw her plea. The district court noted that the amended charge of giving a worthless check was not a more serious charge than forgery and that the amended charge eliminated mandatory jail time and fines associated with a forgery conviction. The district court also stated that Hudson's concerns about housing and student loans were collateral consequences of a conviction and were insufficient reasons to allow her to withdraw her voluntary plea. Finally, the district court noted that Hudson was not offering a substantive defense to the forgery charge.

At the sentencing hearing on October 18, 2016, Hudson raised several complaints about the assistance of her counsel. The district court tried to answer many of Hudson's questions and found that she was simply revisiting the arguments she had presented on the motion to withdraw her plea. The district court sentenced Hudson to 10 months' imprisonment and placed her on probation for 12 months. Hudson timely appealed.

On appeal, Hudson argues that she had good cause to withdraw her plea and that the district court erred in denying her motion. Hudson's primary argument is that she did not understand the amended charge of giving a worthless check when she entered her plea. According to Hudson, she established that she was not guilty of any offense and she would have preferred to go to trial on the forgery charge. Hudson further alleges that she established that she did not understand her right to proceed to trial and how to avoid the collateral consequences of her conviction.

The State argues that Hudson did not establish good cause to withdraw her plea. The State asserts that Hudson was represented by competent counsel and that her plea was voluntarily and knowingly made. The State also asserts that Hudson's concerns about

3

losing her housing and student loans are collateral consequences of her plea. Based on the totality of the record, the State contends that the district court did not abuse its discretion in denying Hudson's motion to withdraw her plea.

Pursuant to K.S.A. 2017 Supp. 22-3210(d)(1), a defendant may withdraw a guilty plea before sentencing if, in the discretion of the court, the defendant shows good cause for doing so. "Judicial discretion can be abused in three ways: (1) if no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact." *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). "Defendants bear the burden of establishing an abuse of discretion." *State v. Lackey*, 45 Kan. App. 2d 257, 266, 246 P.3d 998 (2011).

When considering a defendant's motion to withdraw a plea, the district court must consider: "'(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) whether the plea was fairly and understandingly made.'" *State v. Macias-Medina*, 293 Kan. 833, 837, 268 P.3d 1201 (2012) (quoting *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 563 [2010]); see *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). "All of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause." *Aguilar*, 290 Kan. at 513.

Hudson's appellate brief focuses on the third *Edgar* factor, i.e., whether the plea was fairly and understandingly made. In district court, Hudson argued that she had received ineffective assistance of counsel; however, she does not renew this argument on appeal. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

4

Hudson's primary argument is that she did not understand the amended charge of giving a worthless check when she entered her plea. She claims that she did not understand why she was pleading guilty to giving a worthless check instead of going to trial on the original forgery count. However, the record made at Hudson's plea hearing belies this claim. At the plea hearing, Hudson acknowledged that she completely understood the charge against her, that she had discussed the plea agreement with her lawyer, that she understood the facts alleged against her, and that she understood that she was giving up her right to a trial. Hudson did not ask any questions regarding the charge against her or the plea. The district court established a factual basis for the charge and Hudson affirmed the facts. When the judge asked, "You're pleading guilty because you are guilty?" Hudson responded, "Absolutely."

"[A] defendant should not get relief from a plea decision simply because he or she determines, in hindsight, that it was not the most intelligent course of action." *State v. Schow*, 287 Kan. 529, 542, 197 P.3d 825 (2008). Likewise, Hudson's concerns about her housing and student loans do not establish good cause to withdraw her plea. As the district court found, the negative impact of Hudson's plea on her housing and student loans were only collateral consequences of her conviction. Finally, as the district court noted, Hudson never offered a substantive defense to the forgery charge.

The record supports the district court's finding that Hudson voluntarily and understandingly entered into the plea agreement. Considering the record in its entirety, a reasonable person could agree with the district court's decision that Hudson failed to show good cause to withdraw her plea. Hudson makes no claim that the district court's decision was based on an error of law or fact. Thus, we conclude the district court did not abuse its discretion in denying Hudson's motion to withdraw her plea.

Affirmed.