NOT DESIGNATED FOR PUBLICATION

No. 118,155

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SEAN RAY SWIGERT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed March 30, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).


Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM: Sean Swigert appeals his sentence for felony domestic battery.

Swigert pleaded no contest to one count of felony domestic battery—his ninth domestic-battery conviction. Swigert made his no-contest plea as part of a plea bargain. In exchange for his no-contest plea, the State agreed to dismiss all other charges against Swigert and recommend that Swigert serve only 90 days in jail—the statutory minimum for this offense—followed by 12 months of probation. The parties recommended that Swigert have a 12-month prison sentence to be served if he didn't successfully complete his probation.

At sentencing, the district court declined to give Swigert the recommended sentence and instead ordered that he serve 12 months in prison. Swigert appealed to our court. He claims that the district court abused its discretion by not sentencing him as called for under the plea agreement and the State's recommendation. A court abuses its discretion in sentencing a defendant if the sentence is (1) arbitrary or unreasonable, (2) is based on an error of law, or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

As Swigert acknowledges, district courts aren't bound by parties' plea agreements or sentencing recommendations. *State v. Boley*, 279 Kan. 989, 993, 113 P.3d 248 (2005). Here, in denying the State's recommendation, the court explained that it couldn't, in good conscience, sentence Swigert to probation in light of his criminal history of "violent and abusive-type behavior," including multiple domestic-battery convictions and a conviction for domestic assault.

Swigert's sentence was within the statutory limits for a ninth conviction of domestic battery. And especially in light of Swigert's past convictions, the district court's decision to sentence him to a year in prison wasn't arbitrary or unreasonable. Nor was the sentence based on an error or law or fact. So we conclude the district court didn't abuse its discretion by sentencing Swigert to the maximum statutory sentence instead of following the State's recommendation.

On Swigert's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to impose Swigert's sentence.

We affirm the district court's judgment.