NOT DESIGNATED FOR PUBLICATION

No. 118,125

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEJON C. LARUE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed May 25, 2018. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and BUSER, JJ.

PER CURIAM: In this appeal of the revocation of his probation, Lejon C. Larue contends the court erred in making him serve his original prison sentence. Instead, it should have imposed an intermediate sanction or shortened his sentence. Because Larue committed new crimes while he was on probation, we hold the court's revocation decision was reasonable. We affirm.

After he pled guilty to possession of methamphetamine, the court sentenced Larue to a 20-month prison sentence, suspended that sentence, and then placed him on

1

probation for 18 months. About three months later, the court held a hearing on the State's motion to revoke his probation, based on various probation violation allegations:

- failing to refrain from drug usage;
- failing to complete community service work;
- failing to report to his supervising officer;
- failing to enter a substance-abuse treatment program; and
- being arrested on a new charge of possessing methamphetamines.

At that hearing, Larue told the court that there was no need to present evidence and admitted the allegations made by the State. The court revoked his probation and ordered Larue to serve his original sentence.

In this appeal, Larue contends that this revocation and imposition of his original sentence amounted to an abuse of discretion by the sentencing court.

*The rules that guide us on such questions are simple.*

Our cases speak clearly on this point. Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Larue bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Our statutes limit a court's discretion in deciding how to sanction a probation violator. For example, K.S.A. 2017 Supp. 22-3716(c) provides that a sentencing court should generally impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless some exceptions

2

apply—and one of those exceptions is committing a new crime. The law states that a court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2017 Supp. 22-3716(c)(8), (c)(9). The first exception applies here.

The court found Larue committed two new crimes which means that it need not impose an intermediate sanction under this law. Larue acknowledges that the district court had the legal and factual authority to revoke his probation because of his admission to committing the new offenses. But he contends that no reasonable person would agree with the district court's decision. In his view, a reasonable person would have given him another chance at probation or a shorter prison sentence, so he could get treatment for his drug addiction.

We are unpersuaded by this argument. A reasonable person could easily agree with the district court's decision. After all, Larue had the opportunity to attend drug treatment after sentencing, but rather than attend the treatment, he resumed his illicit drug usage. Within a month of sentencing, Larue violated his probation. With such quick violations, a reasonable person could conclude that he was not amenable to probation. The court's decision was not arbitrary, fanciful, or unreasonable. The district court was well within its discretion to revoke Larue's probation and impose his underlying sentence.

Affirmed.