NOT DESIGNATED FOR PUBLICATION

No. 121,068

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOEY R. CADENHEAD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Opinion filed December 20, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Joey R. Cadenhead appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Cadenhead's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On May 24, 2017, Cadenhead pled no contest to one count of aggravated battery. On July 7, 2017, the district court sentenced Cadenhead to 18 months' imprisonment but granted probation for 24 months to be supervised by community corrections.

At a hearing on February 22, 2019, Cadenhead stipulated to violating the conditions of his probation on many grounds, including that he was convicted of a new

1

crime of theft in Dallas County, Texas. The district court revoked Cadenhead's probation and ordered him to serve his underlying prison sentence. Cadenhead timely appealed.

On appeal, Cadenhead claims the district court "erred in revoking his probation and imposing his underlying prison sentence." But Cadenhead concedes that when it is shown that a defendant has violated the conditions of probation, the decision to revoke probation is within the district court's sound discretion.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Cadenhead conceded at his hearing, the district court did not have to impose an intermediate sanction before revoking his probation because he committed a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Not only did Cadenhead commit a new crime while on probation, but he admitted to leaving the state without his probation officer's permission. The district court's decision to revoke Cadenhead's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Cadenhead has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Affirmed.