NOT DESIGNATED FOR PUBLICATION

No. 121,641

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CURTIS D. DOWNING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed February 14, 2020. Affirmed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: Curtis Downing appeals from the district court's revocation of his probation and imposition of his underlying sentence. This court granted Downing's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Finding no error, we affirm.

Downing was convicted of possession of methamphetamine, a severity level 5 drug felony. At sentencing, the district court found Downing's criminal history classification was B, which made his presumptive sentence imprisonment. See K.S.A. 2019 Supp. 21-6805(a) (Kansas Sentencing Guidelines Act drug offense sentencing grid); K.S.A. 2019 Supp. 21-6809 (defining criminal history classifications based on nature and number of prior convictions). However, the district court granted Downing's motion for

1

downward dispositional departure and placed him on supervised probation for 12 months with an underlying sentence of 36 months' imprisonment.

Downing committed several probation violations and received one two-day and two three-day jail sanctions as a result. Downing continued to violate the conditions of his probation by committing new crimes. The State filed a motion to revoke his probation, and at the evidentiary hearing, Downing admitted to violating the terms of his probation by committing three new crimes: (1) interference with a law enforcement officer; (2) driving while a habitual violator; and (3) driving while suspended. The district court accepted Downing's admission and found he had violated the terms of his probation.

The district court revoked Downing's probation and ordered him to serve his full underlying sentence. It found Downing had been given multiple opportunities for continued probation following jail sanctions for prior violations, but "continued to violate," and was not amenable to further probation. It further noted Downing had "a pretty horrible criminal record" with "a 25-year criminal history," including 15 convictions for driving while suspended. The district court believed Downing was "clearly . . . going to continue to drive," and had "pretty much made it clear [he was] going to do what [he was] going to do."

Once the district court finds a defendant has violated the terms of probation, the decision to revoke probation rests in the discretion of the district court. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Downing argues the district court erred by not imposing an intermediate sanction. However, he acknowledges because his probation was granted under a downward dispositional departure, the district court was not required to do so. See K.S.A. 2019 Supp. 22-3716(c)(7)(B). Downing does not contest the sufficiency of

2

the evidence underlying the finding he violated his probation, nor does he argue an error of fact or law. Rather, he asserts "no reasonable person would have agreed with [the district court's] decision."

Here, the district court was well within its sound discretion in revoking Downing's probation and ordering him to serve his underlying sentence. See K.S.A. 2019 Supp. 22-3716(c)(7)(C) (district court may revoke probation and impose underlying sentence when defendant commits a new crime while on probation); K.S.A. 2019 Supp. 22-3716(c)(7)(B) (district court may revoke probation without imposing intermediate sanctions if probation is granted as a result of a downward dispositional departure). Downing had multiple chances to change his ways and did not do so. The district court's decision was quite reasonable based on Downing's repeated probation violations and continued disregard for lawful orders suspending his driving privileges. Downing has failed to show the district court abused its discretion by revoking his probation and ordering him to serve the original sentence.

Affirmed.