NOT DESIGNATED FOR PUBLICATION

No. 122,831

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HOLLY MARIE RANN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed December 23, 2021. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Holly Marie Rann appeals the district court's decision denying her motion to modify her misdemeanor sentence. We granted Rann's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State has responded to the motion and asks us to deny Rann any relief.

We will briefly review the history of Rann's case. In February 2017, Rann pled guilty to violation of a protective order, a class A misdemeanor, and the district court sentenced her to 12 months in jail but granted probation for 12 months. In May 2017, the district court issued a probation violation warrant and Rann was arrested on the warrant in August 2018. After being released on bond, Rann failed to appear for an evidentiary hearing. In March 2019, Rann appeared in court and admitted that she had violated her

1

probation. The district court revoked Rann's probation and ordered her to serve her original sentence. Rann was later transferred to the work-release program.

In May 2019, the district court granted Rann early release from the work-release program and placed her back on probation. In December 2019, Rann admitted that she had again violated her probation, so the district court revoked the probation and ordered Rann to serve the balance of her sentence.

In January 2020, Rann wrote a letter to the district court requesting modification of her sentence. The district court held a hearing on February 21, 2020. Rann argued that she had completed domestic violence classes, that she was employed on work release, that she performed voluntary community service as a jail trustee, and that she needed to be released to probation so she could obtain the continuing education required to renew her license as a practical nurse. The prosecutor reviewed the history of Rann's case and recommended that her motion be denied. The district court stated that it was encouraged that Rann was doing so well in custody and suggested that her success was because of the structure that was being provided to her on work release. Based on the record, the district court denied Rann's motion to modify her sentence. Rann timely appealed.

On appeal, Rann claims the district court "abused its discretion in failing to grant her parole from her confinement in the county jail and place her back on probation." Rann acknowledges that a district court abuses its discretion when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. See *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

The State cites *State v. Curtis*, No. 108,582, 2013 WL 4046589, at *2 (Kan. App. 2013) (unpublished opinion), for the proposition that the district lacked statutory

authority to grant Rann's motion to modify her sentence. In *Curtis*, we found that a district court has authority under K.S.A. 2011 Supp. 21-6608(b) to grant parole to a misdemeanant incarcerated in a county jail, but the statute does not authorize the district court to otherwise modify the terms of a misdemeanor sentence. 2013 WL 4046589, at *2.

Without addressing the State's statutory interpretation argument, we conclude the district court did not abuse its discretion in denying Rann's request to be placed back on probation. Rann had failed at prior chances to succeed on probation. She also violated her bond and failed to appear in court for an earlier hearing. The district court's observation is well taken that Rann's recent success in custody is probably because of the structure she is provided in the work-release program. Rann has failed to show that the district court abused its discretion in denying her motion to be placed back on probation.

Affirmed.