NOT DESIGNATED FOR PUBLICATION

No. 123,116

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARRETT LEE BARNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court, RENE S. YOUNG, judge. Opinion filed June 4, 2021. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before POWELL, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Garrett Lee Barnett appeals the district court's sentence. We granted Barnett's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48.) Our review of Barnett's appeal of his jail time is precluded by K.S.A. 2020 Supp. 21-6820(c)(2), and we find no abuse of discretion in the court's decision to run his sentences consecutively. Thus we affirm in part and dismiss in part.

On September 4, 2017, Barnett committed aggravated domestic battery, a severity level 7 person felony, and cruelty to animals, a nongrid nonperson felony. Barnett pleaded no contest to an amended count of domestic battery, a nongrid felony, and an amended count of cruelty to animals, a class A nonperson misdemeanor. The State

1

charged domestic battery as a nongrid felony because this was Barnett's third domestic violence conviction in a five-year period. A third conviction of domestic battery requires a 90-day mandatory jail sentence that is modified only if the defendant is approved to take part in a work release program. See K.S.A. 2017 Supp. 21-5414(c)(1)(C).

The plea provided for the disposition of two cases: a 2018 case charging Barnett with one count of domestic battery and the current case. For the 2018 case, the plea agreement recommended that the district court impose a sentence of 12 months in jail but suspend that sentence and place Barnett on probation after serving 90 days in jail. For the current 2017 case, the plea agreement recommended that the sentences for domestic battery and cruelty to animals run concurrent with each other. It also recommended that the district court impose a 12-month jail sentence, suspend that sentence, and place Barnett on probation after serving 90 days in jail. The plea included no recommendation as to whether the sentence in the 2018 case and the sentence in this 2017 case would be served consecutive to or concurrent with each other.

At sentencing, Barnett asked the district court to impose probation, to reduce the jail sentence to time served, and to run the sentences in the two cases concurrently. The State argued that the sentences in the two cases should be served consecutively. The district court denied Barnett's request for probation and a reduced jail sentence and instead followed the recommendations of the plea agreement. The district court ordered the sentences in the two cases to run consecutive to each other, thereby ordering Barnett to serve at least 180 days in jail before being placed on probation.

For unknown reasons, the Kansas Department of Corrections failed to "hold" Barnett for this case after he completed a prior imposed sentence. Barnett moved the district court to modify his sentence to house arrest so he would not have to return to jail. After several continuances, the district court heard from both parties and then denied Barnett's motion.

Barnett appeals, arguing that the district court abused its discretion by imposing a jail sentence and by running the sentence consecutive to sentences in his other cases. Barnett argues that was unreasonable because: the victim requested otherwise; Barnett needed substance abuse treatment; he had arrangements for employment, education, and rehabilitation; and because of his youth (around 22 years old).

Under K.S.A. 2020 Supp. 21-6820(c)(2), an appellate court cannot review any sentence resulting from an agreement between the State and the defendant that the sentencing court approves on the record. Because Barnett's jail sentence results from a plea agreement between the State and Barnett that the district court approved on the record, we cannot review the jail sentence. As the parties agreed, the district court imposed a sentence of 12 months in jail for the 2018 case but suspended that sentence and placed Barnett on probation after serving 90 days in jail. And in the current 2017 case, as the parties agreed, the district court ran the sentences for domestic battery and cruelty to animals concurrent with each other, imposed a 12-month jail sentence, suspended that sentence, and then placed Barnett on probation once he had served 90 days in jail. Because the district court's jail sentence resulted from an agreement between the State and the defendant, we cannot revisit it. We dismiss this part of Barnett's appeal.

But the parties did not agree whether Barnett's sentence in this case would run concurrent with or consecutive to his sentence in his 2018 case. Each party remained free to argue their position to the court and did so. Because the plea reflected no agreement as to the concurrent or consecutive nature of these cases, K.S.A. 2020 Supp. 21-6820(c)(2) does not apply to bar our review of this issue. A district court has discretion to run a defendant's sentences consecutive to each other, so we review that decision for an abuse of discretion. *State v. Mosher*, 299 Kan. 1, 2-3, 319 P.3d 1253 (2014). Barnett bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). Unless the district court made a legal or factual

error, we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *Mosher*, 299 Kan. at 3.

The district court exercised discretion in imposing the sentences consecutive to each other. Barnett points to his stated desire to obtain steady employment and finish his education and to the victim's wishes, yet does not explain what they are. But because this was Barnett's third domestic violence conviction, a reasonable person could agree with the court's decision to run the sentences consecutively. Thus, we cannot say that the district court's decision to do so constitutes an abuse of discretion.

Affirmed in part and dismissed in part.